838 A.2d 594

**In re ESTATE OF James A. BULLOTTA, Jr.**

Supreme Court of Pennsylvania.

Argued March 4, 2003.

Decided Dec. 17, 2003.

James C. Kuhn, Pittsburgh, for Carolyn Bulotta.

Roberta Altavilla, Richard F. Rinaldo, Pittsburgh, for Estate of James A. Bullotta Jr.

Before CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN, LAMB, JJ.

## OPINION

Justice EAKIN.

James Bullotta sought to divorce Carolyn Bullotta. During the course of proceedings, the parties reached a settlement agreement, dividing their marital assets. On October 19, 1999, the trial court entered a consent order setting forth the terms of their agreement, which provided the divorce could be finalized when the terms of the settlement were completed. Unfortunately, husband died before all those terms were carried out, and no final divorce decree was entered.

A petition for probate of his estate was filed with the register of wills, and letters testamentary were granted. The executor of the estate obtained a citation directing wife to show cause why the marital assets allocated to husband by the settlement agreement should not be turned over to the estate. The trial court granted the executor's motion, and ordered the assets turned over to the estate. The trial court based its decision on *Reese v. Reese*, 351 Pa.Super. 521, 506 A.2d 471 (1986). Wife filed exceptions, which were denied, and on appeal, the Superior Court, relying on *Reese*, affirmed.

In *Reese*, after an equitable distribution hearing, the trial court entered a decree of distribution, and the parties took sole possession of the property awarded to them. The husband petitioned to vacate the equitable distribution order after the wife died (before a divorce decree was entered, but after the action was bifurcated). The Superior Court acknowledged the divorce action abated upon the death of the wife, but concluded the existence of a final distribution order, and the fact the parties acted in reliance upon the order, made it binding upon them. Although the Superior Court suggested that entering an equitable distribution decree prior to a di-

vorce decree was improper, the court determined that since the husband invoked the jurisdiction of the court, received the relief he requested, and acted upon the court's order, he would not be permitted to "blow hot and cold." The Court concluded the husband was estopped from challenging the trial court's jurisdiction to enter the order; hence, the equitable distribution order was not destroyed by the death of one of the parties.

The underlying doctrine in *Reese* was estoppel. As a general rule, a party is estopped from "assuming a position inconsistent with his or her assertion in a previous action," if the party is successful in maintaining that action. *Trowbridge v. Scranton Artificial Limb Co.*, 560 Pa. 640, 747 A.2d 862, 864 (2000); *Philadelphia Suburban Water Co. v. Pa. P.U.C.*, 808 A.2d 1044 (Pa.Cmwlth.2002). The purpose of the doctrine is to "protect the integrity of the courts by preventing litigants from 'playing fast and loose' with the judicial system" by switching positions as required by the moment. *Sunbeam Corporation v. Liberty Mutual Insurance Company*, 566 Pa. 494, 781 A.2d 1189, 1192 (2001), *reargument denied*, 2001 Pa. Lexis 2597 (Pa. Dec. 5, 2001). Judicial estoppel depends on the "relationship of one party to one or more tribunals." *Id.*, at 1192. As there was no adjudication or inconsistency in the case at hand, judicial estoppel does not apply, and *Reese* is not dispositive.

Wife argues the absence of a divorce decree renders the settlement agreement void, and contends a court cannot order enforcement of the agreement after the death of one of the parties. Further, she maintains *Reese* is distinguishable since it involved a bifurcated proceeding and court-ordered equitable distribution, which the parties treated as final; here, the proceedings were not bifurcated, and the trial court entered a consent order adopting the parties' agreement.

Statutorily, equitable distribution occurs only after a divorce decree is issued. 23 Pa.C.S. § 3323(b); *Bacchetta v. Bacchetta*, 498 Pa. 227, 445 A.2d 1194, 1198 (1982); *see also Savage v. Savage*, 736 A.2d 633, 644 (Pa.Super.1999) (economic

issues may not be fully resolved before entry of divorce decree). Generally, a divorce action abates with the death of one of the spouses. *Drumheller v. Marcello,* 516 Pa. 428, 532 A.2d 807, 808 (1987). Therefore, if there is no final divorce decree, there can be no court-ordered equitable distribution.[1] *Id.,* at 808–09.

However, marital settlement agreements are governed by the law of contracts. *Vaccarello v. Vaccarello,* 563 Pa. 93, 757 A.2d 909, 913 (2000). The pending divorce may be the impetus for the contract, but it is an agreement nevertheless, made in lieu of having the court divide the property. Once such a contract is made, though fulfillment may be delayed until entry of the final divorce decree, the contract is still enforceable.

Wife argues this is an executory contract,[2] and since husband died before its execution, the contract is not capable of completion. This is not the law of this Commonwealth, and wife's failure to support her position is indicative of this. The agreement is still enforceable though the parties may no longer divorce. A marital settlement agreement, while requiring performance from each party, is not necessarily unique to the respective parties. Thus, an executory contract that is not personal to a decedent does not dissolve upon death. *See In re Allam's Estate,* 199 Pa. 573, 49 A. 252 (1901); *see also Stumpf's Appeal,* 116 Pa. 33, 8 A. 866 (1887). In other words, if the contract can be completed by the estate of a party, it is not void due to the death of a party. *See, e.g., Huffman v. Huffman,* 311 Pa. 123, 166 A. 570 (1933) (estate

1. The only circumstances in which this Court has allowed equitable distribution to proceed after the death of the other spouse, prior to the issuance of a divorce decree, is when one spouse has murdered the other. *See, e.g., Drumheller* (permitting equitable distribution to proceed because court with Divorce Code expertise could complete already developing record and determine appropriate division of marital property). There was no murder here.

2. An executory contract is a contract that remains wholly unperformed or for which there remains something still to be done on both sides, often as a component of a larger transaction, and sometimes memorialized by an informal letter agreement, by a memorandum, or by oral agreement. Black's Law Dictionary, 321 (7th ed.1999).

can complete contract that is not strictly personal to decedent). Since husband's estate is capable of completing the terms of the settlement agreement, the agreement did not dissolve upon husband's death. Accordingly, the Superior Court's decision is affirmed.

Order affirmed.

Chief Justice CAPPY files a concurring opinion in which Justice CASTILLE and NIGRO join.

Chief Justice CAPPY, Concurring.

Respectfully, I concur in the majority's result. I write separately because I would find that the doctrine of judicial estoppel applies in this instance.

The majority correctly sets forth the standard regarding the doctrine: Generally, a party is estopped from assuming a position inconsistent with her assertion in a previous action if her contention was successfully maintained. *Trowbridge v. Scranton Artificial Limb Co.*, 560 Pa. 640, 747 A.2d 862, 864 (2000). The purpose of judicial estoppel is to "protect the integrity of the courts by preventing litigants from 'playing fast and loose' with the judicial system" by switching positions as the moment requires. *Sunbeam Corp. v. Liberty Mutual Ins. Co.*, 566 Pa. 494, 781 A.2d 1189, 1192 (2001) (citation omitted).

Yet the majority opinion omits relevant factual history. On September 25, 1998, at Wife's request, the trial court issued an order prohibiting bifurcation of the economic issues from the divorce action. Wife subsequently filed a "Petition to Enforce Settlement Agreement" in which she asserted that the parties had reached an agreement on the distribution of their property. As a result, on October 19, 1999, the trial court entered a consent order distributing the marital assets based on the parties' agreement that Wife filed to enforce. Wife now argues that the October 19, 1999 order is a nullity and that she is entitled to the property.

Wife is estopped from challenging the October 19, 1999 consent order. Wife has taken inconsistent positions: she

initially asserted that there was a valid settlement agreement, but now contends that the agreement is void. Wife also successfully maintained her prior position in that she sought enforcement of the settlement agreement and obtained a consent order from the trial court distributing the marital property on that basis.

Wife argues that in a non-bifurcated divorce proceeding, a marital settlement agreement is a form of executory contract, and when the non-performing spouse dies before performance of its terms and before the issuance of a divorce decree, the divorce action abates, the court loses subject matter jurisdiction, the agreement is a nullity and the survivor accedes to the property. But this matter was bifurcated—at Wife's request. Wife does not suggest that when the trial court entered the consent order, it lacked subject matter jurisdiction, only that jurisdiction in that forum is now lost. Even assuming arguendo that the family court division loses jurisdiction, the matter is now in Orphans' Court. Wife cannot now "play fast and loose" with the courts and change her position to suit her own ends. Accordingly, I would affirm the Superior Court on this basis.

Justice CASTILLE and NIGRO join this concurring opinion.