**In re Doreen E. GREGORCHIK, Debtor.**

**James R. Walsh, Esq., Trustee of the Bankruptcy Estate of Doreen E. Gregorchik, Movant,**

**v.**

**Doreen E. Gregorchik, Respondent.**

**No. 03–35481 BM.**

United States Bankruptcy Court, W.D. Pennsylvania.

June 2, 2004.

the IRS was still active as a creditor. Howev-

er, they failed to raise the issue at either time.

James R. Walsh, Spence, Custer, Saylor, Wolfe & Rose, Johnstown, PA, for Movant.

Jeffrey A. Muriceak, Hollidaysburg, PA, for Debtor/Respondent.

## *MEMORANDUM OPINION*

BERNARD MARKOVITZ, Bankruptcy Judge.

The chapter 7 trustee has objected to the exemption debtor Doreen E. Gregorchik has claimed in an engagement ring and wedding band given to her by her husband.

According to the chapter 7 trustee, this jewelry does not fall within the purview of § 522(b)(2)(B) because it is not entireties property owned jointly by debtor and her husband; it instead is owned solely by debtor.

Debtor counters that these items are entireties property owned jointly by debtor and her husband and that § 522(b)(2)(B) therefore does provide a vehicle for exempting them.

We conclude for reasons set forth below that the chapter 7 trustee is correct in this matter and therefore must sustain his objection to the claimed exemption.

### —FACTS—

Debtor, who is married, commenced this bankruptcy case by filing a voluntary chapter 7 petition on December 12, 2003. A chapter 7 trustee was appointed shortly thereafter.

The schedules accompanying the petition identified assets with a total declared value in the amount of $193,042.00 and liabilities totaling $198,275.24. Among the

assets debtor listed were an engagement ring and wedding band given to her by her husband which debtor claims she owns jointly with her husband as tenants by the entirety. The declared value of these items was $5,000.00.

Debtor claimed an exemption in the engagement ring and wedding band in the full amount of their declared value. The exemption was based on § 522(b)(2)(B) of the Bankruptcy Code.

Debtor's husband, who is not a debtor-in-bankruptcy, gave the engagement ring and wedding band to debtor as a gift in anticipation of their then-impending marriage.

After the § 341 meeting of creditors concluded, the chapter 7 trustee objected to the exemption debtor had claimed in the engagement ring and wedding band. The jewelry, the chapter 7 trustee asserted, was not jointly owned by debtor and her husband as tenants by the entirety, as debtor maintained; it instead was owned solely by debtor and therefore was not properly exemptible in accordance with § 522(b)(2)(B).

Debtor denied in her response to the trustee's objection she alone owned the jewelry and insisted that it instead was entireties property.

Oral argument on the trustee's objection and debtor's response thereto was heard on April 1, 2004. The parties agreed at that time that the matter could be decided on a case-stated basis and that they would submit briefs in support of their respective positions. The matter is now ready for decision.

## —DISCUSSION—

The issue we must decide is whether, in light of the above-recited facts, debtor alone has an interest in the jewelry, as the chapter 7 trustee maintains, or she and her husband have a joint interest in the jewelry as tenants by the entirety, as debtor maintains.

Section 522(b)(2)(B) of the Bankruptcy Code provides in part as follows:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection .... Such property is—....

[2](B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable non-bankruptcy law.

11 U.S.C. § 522(b)(2)(B).

The law of Pennsylvania pertaining to tenancies by the entirety qualifies for purposes of § 522(b)(2)(B) as "applicable non-bankruptcy law".

A tenancy by the entirety in essence is a species of joint tenancy which is modified by the common-law fiction that a husband and wife are but a single person. *Frederick v. Southwick*, 165 Pa.Super. 78, 83, 67 A.2d 802, 805 (1949). It is a form of co-ownership of real or personal property by a husband and wife with a right of survivorship. Each spouse is seised *per tout et non my*—i.e., of the whole or entirety, not of a share, moiety, or divisible part. *In re Estate of Bullotta*, 798 A.2d 771, 774 (Pa.Super.2002), *aff'd*, 575 Pa. 587, 838 A.2d 594 (2003). Such a form of ownership is reserved exclusively for married couples. *First Federal Savings & Loan Association of Greene County v. Porter*, 408 Pa. 236, 242, 183 A.2d 318, 322 (1962).

In addition to the right of survivorship, entireties property is characterized

by the unities of interest, title, time and possession. *In re Estate of Maljovec*, 412 Pa.Super. 80, 84, 602 A.2d 1317, 1319 (1991). A surviving spouse takes no new estate upon the death of the other spouse; the only cognizable change is in the properties or characteristics of the legal entity holding the estate. *Id.*

■ A judgment creditor may execute on entireties property only if *both* spouses are judgment debtors. *Klebach v. Mellon Bank*, 388 Pa.Super. 203, 208, 565 A.2d 448, 450 (1989). Entireties property otherwise is immune from process, execution or sale. *Id.*

For present purposes, it thus follows that if debtor is correct is asserting that the engagement ring and wedding band are entireties property owned jointly by debtor and her husband, she may properly exempt them pursuant to § 522(b)(2)(B) of the Bankruptcy Code. If she is incorrect, however, the chapter 7 trustee's objection to the exemption must be sustained.

Debtor's husband, we noted previously, presented the engagement ring and wedding band to debtor as a gift prior to their then-impending wedding. Neither debtor nor the chapter 7 trustee disputes this.

■■ The requirements for a gift according to Pennsylvania law are: (1) donative intention; (2) delivery; and (3) acceptance. *In re Estate of Sipe*, 492 Pa. 125, 130, 422 A.2d 826, 828 (1980). Acceptance is presumed when the gift is beneficial to the donee. *Id.*, 492 Pa. at 131, 422 A.2d at 828.

■ As a general matter, title to a gift vests in the donee *eo instante* upon satisfaction of the above requirements. *See Tarr v. Robinson*, 158 Pa. 60, 62–63, 27 A. 859, 860 (1893). Pennsylvania courts have, however, crafted a special rule concerning when title vests in a donee where the gift is an engagement ring.

■ An engagement ring is treated as a *conditional* gift. In such instances there arises an implied condition that title vests in the donee only if and when marriage occurs.[1] Mere acceptance of a proposal of marriage does not suffice to vest title in the donee. *Lindh v. Surman*, 560 Pa. 1, 5, 742 A.2d 643, 645 (1999).

Based on the foregoing, we conclude that title to the engagement ring and wedding band did not vest in debtor as donee until she and her husband were married. At no time prior to the marriage did title to these items of jewelry vest in debtor *sui persona*.

Debtor, however, takes this a step further. Rather than having us conclude from the foregoing that title vested in debtor as donee upon their marriage, debtor would have us conclude that she and her husband jointly owned these items as tenants by the entirety by virtue of their marriage. From this, as we have seen, it would follow straightaway that the exemption debtor has taken in the jewelry pursuant to § 522(b)(2)(B) of the Bankruptcy Code would have to be allowed. We refuse to go the "step further" debtor would have us take in this instance.[2]

The basis upon which debtor would have us conclude that the engagement ring and

**1.** Although Pennsylvania law appears to be silent on this point, the same rule would seem to apply with equal force to a wedding band which is a gift.

**2.** Debtor's argument goes too far. Were debtor correct in asserting that property acquired by one spouse during marriage by law becomes entireties property, no property so acquired by one spouse can be owned by only one spouse and not the other. This obviously is not the case.

wedding band are owned, not by debtor alone, but jointly by debtor and her husband as tenants by the entirety is anything but clear. Debtor appears to rely heavily upon the proposition that the jewelry was a conditional gift and that title therefore did not vest in debtor prior to their marriage but instead vested only when the wedding took place. Up to this point debtor's analysis is sound.

From this unassailable proposition, however, debtor would infer that because title did not vest in her alone prior to the marriage, she and her husband came to own the jewelry as tenants by the entirety by virtue of their becoming a single person or entity once they were married.

It is with this inferential leap from this unassailable proposition that we take issue with and reject. To say the least, debtor's position is paradoxical. Title to the jewelry, which undoubtedly did not vest in debtor until the marriage took place, was somehow transmogrified *at the same time* and *by reason of the same event* to a tenancy by the entirety.

Under the Divorce Code in effect in Pennsylvania:

> **(b) Presumption.**—All real or personal property acquired by either party during their marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership such as joint tenancy, tenancy in common or tenancy by the entirety. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (a).

23 Pa.C.S.A. § 3501(b) (Purdon's 2001).

Debtor's position evidently somehow relies on this provision. Such reliance in our estimation is misplaced.

■ To start with, the provision is not relevant here. Debtor and her husband are not presently embroiled in a divorce proceeding in another court. Moreover, § 3501(b) provides only that all property acquired *during* the marriage, whether it is held individually or as tenants by the entirety, is presumed to be marital property. It does not provide, as it would have to if debtor were to prevail here, that property acquired during marriage is presumed to be entireties property.

Moreover, this provision would not support debtor's position even if it were relevant. Both case law and statutory law appear to hold that jewelry given by one spouse to the other as a gift does not qualify as marital property.

According to the above-cited case law concerning the gift of an engagement ring, absolute title vested *in the donee* upon the event of marriage. We take the phrase "In the donee" to refer to debtor in this instance. Debtor, in other words, became the *sole* owner of the jewelry at that time. This holding is irreconcilable with debtor's contention that the jewelry was owned *jointly* by debtor and her husband as tenants by the entirety at that same time.

In addition, our research has uncovered a case issued by the Supreme Court of Pennsylvania which held that an interspousal gift of a diamond ring made during marriage did *not* qualify as marital property under the predecessor to the present Divorce Code. *Semasek v. Semasek,* 509 Pa. 282, 287, 502 A.2d 109, 110–11 (1985). This holding is preserved by the present Divorce Code, which provides that a gift from one spouse to the other is not marital property. 23 Pa.C.S.A. § 3501(a)(3) (Purdon's 2001).

Finally, even if the engagement ring and wedding band were treated as marital property under the Divorce Code of Pennsylvania, they are not to be treated as

entireties property for purposes of § 522(b)(2)(B) of the Bankruptcy Code.

The cardinal and controlling consideration in determining whether a husband and wife take ownership of property as tenants by the entirety is intention. *Heatter v. Lucas,* 367 Pa. 296, 300, 80 A.2d 749, 752 (1951). Considering that the engagement ring and wedding band were a gift conditioned upon the event of their then-impending marriage, we conclude that debtor's husband intended that these items were to be debtor's and were to be owned solely by her. Given the nature of the items involved—a woman's engagement ring and wedding band, we find it highly unlikely that debtor's husband intended to make a gift to himself and debtor as tenants by the entirety.

Based on the foregoing, we conclude that the engagement ring and wedding band are not entireties property and that debtor therefore may not exempt them pursuant to § 522(b)(2)(B) of the Bankruptcy Code. The objection of the chapter 7 trustee must be sustained.

An appropriate order shall issue.

### ORDER OF COURT

AND NOW, this **2nd** day of **June,** 2004. in accordance with the preceding memorandum opinion, it hereby is **ORDERED, ADJUDGED,** and **DECREED** that the objection of the chapter 7 trustee to debtor's claimed exemption in her engagement ring and wedding band be and hereby is **SUSTAINED.**

It is **SO ORDERED.**