**Jackson v. Buck**

*Brian C. Hall,* for plaintiff.

*Michael D. Pipa,* for defendant Buck.

*Michael M. Badowski,* for defendant Heritage Medical Group.

EVANS, *J.,* December 8, 2005—Defendants Lori Buck and Heritage Medical Group seek summary judgment on the equitable principal of judicial estoppel. In support thereof, defendants aver that certain positions taken by the plaintiff in the matter of *Jackson v. Cohen and Pinnacle Health t/d/b/a Harrisburg Hospital,* Dauphin County Court of Common Pleas, no. 2698-S-2001, are in direct conflict with the plaintiff's contentions in the instant case, thereby presenting a bar to this action.

As the parties are aware, this court is extremely familiar with *Jackson v. Cohen,* which involved a claim by the minor plaintiff, Darianna Jackson, that Dr. Cohen, an obstetrician, negligently failed to deliver the minor plaintiff via emergency caesarian section. Both prior to and throughout trial, plaintiff asserted that an emergency caesarian section was warranted based upon evidence of fetal distress reflected on electronic fetal heart monitoring which took place during Dr. Cohen's watch in labor and delivery on June 14, 1999. Plaintiff alleged that Dr. Cohen's failure to recognize the signs of fetal distress and his failure to perform an emergency birth resulted in permanent brain damage to the minor plaintiff.

*Jackson v. Cohen* was bifurcated and the liability phase of trial commenced on September 27, 2004. At trial, the evidence established that plaintiff's mother, Cherita Jackson, failed to undergo any prenatal care and in fact, did

not advise anyone that she was pregnant at any time before presenting to labor and delivery at Harrisburg Hospital on June 14, 1999. Throughout trial, counsel for the minor plaintiff asserted that Cherita's lack of prenatal care was entirely irrelevant as the neurological damage to the plaintiff occurred solely as a result of the negligence of Dr. Cohen in failing to perform an emergency caesarian section when he knew or should have known that the results of electronic fetal monitoring warranted emergency delivery. In fact, this was the theory of liability argued by plaintiff and all of plaintiff's experts. The entire case of *Jackson v. Cohen* was premised on the allegation that the brain injury occurred during labor and delivery as evidenced by fetal monitoring and radiological studies. After a five-day trial, the jury returned a verdict in favor of Dr. Cohen and Pinnacle Health System, d/b/a Harrisburg Hospital. Plaintiff's post-trial motions were denied and plaintiff's appeal in that case is currently pending before the Pennsylvania Superior Court.

On August 27, 2004, plaintiff commenced this malpractice action against Lori Buck, a physician's assistant, and the Colonial Park Family Practice.[1] Ms. Buck examined plaintiff's mother, Cherita Jackson, during an office visit at the Colonial Park Family Practice, several weeks prior to labor and delivery. In this action, plaintiff alleges that Ms. Buck's failure to diagnose Cherita Jackson's pregnancy during an office visit on May 27, 1999, deprived Darianna Jackson of proper pre-natal care. Specifically, plaintiff claims that because Ms. Buck did

---

1. Pursuant to a stipulation of the parties, filed on May 11, 2005, the Heritage Medical Group was substituted as a defendant in this matter in place of Colonial Park Family Practice.

not detect Cherita's pregnancy, she did not recommend, order or perform routine prenatal testing and monitoring which could have prevented or reduced the risk of Darianna's neurological injury. At first blush, plaintiff's position appears to be inconsistent with both the facts and theories advanced in *Jackson v. Cohen.* Accordingly, defendants assert that the concept of judicial estoppel serves as a bar to the present action.[2]

The doctrine of judicial estoppel was first articulated by the United States Court of Appeals for the Third Circuit in *Scarano v. Central R. Co. of New Jersey,* 203 F.2d 510, 513 (3d Cir. 1953), which stated "a party may be precluded by a prior position taken in litigation from later adopting an inconsistent position in the course of a judicial proceeding." As noted in *Scarano,* the doctrine of judicial estoppel is distinct from other theories of estoppel and may be applied any time a litigant plays "fast and loose with the courts which has been emphasized as an evil the courts should not tolerate." *Scarano,* 203 F.2d at 513.

Since *Scarano,* judicial estoppel has been discussed and defined in a number of Pennsylvania cases, however, there appears to be a difference of opinion as to whether successful maintenance of the prior inconsis-

---

2. On September 13, 2004, approximately two weeks prior to the scheduled trial in *Jackson v. Cohen,* plaintiff filed a motion to consolidate these cases and the motion was denied. The court's failure to permit consolidation is one of the issues currently pending before the Superior Court in the appeal of *Jackson v. Cohen.* The basis for the trial court's refusal to consolidate these cases was thoroughly discussed in a post-trial opinion issued on February 8, 2005.

tent position is strictly necessary before the doctrine can be applied to bar subsequent litigation. See *e.g., Trowbridge v. Scranton Artificial Limb Company,* 560 Pa. 640, 747 A.2d 862, 864 (2000) (as a general rule, a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, if his or her contention was successfully maintained); compare *In re Pivirotto's Estate,* 251 Pa. 548, 97 A. 80 (1916) (applying judicial estoppel to the wife of a decedent because she helped her children contest her husband's will, although the will was never avoided).

More recently, our Supreme Court discussed this issue in *In re Adoption of S.A.J.,* 575 Pa. 624, 838 A.2d 616, 620 (2003). Madame Justice Newman wrote the majority opinion of the court in whose opinion five of the other six justices joined. In a lengthy footnote, Justice Newman discussed, "[w]hether successful maintenance of the prior inconsistent position of litigant is strictly necessary to implicate judicial estoppel in every case, or whether success should instead be treated as a factor favoring the doctrine's application," concluding that the question did not require definitive resolution in order for the court to reach its holding. *Id.,* 838 A.2d at 620 n.3. Nonetheless, the court specifically applied the *Trowbridge* test to determine if judicial estoppel had been appropriately applied in the case before it. The test as stated by the Supreme Court in *In re Adoption of S.A.J.* was as follows:

"(1) Did appellant assume an 'inconsistent' position in 2000 when he claimed he was the natural father, after denying paternity in 1990; and

"(2) Was his contention 'successfully maintained?' "
*Id.,* 575 Pa. at 633, 838 A.2d at 621.

Here, it is undisputed that at the trial of *Jackson v. Cohen,* plaintiff's contentions as to the medical negligence of Dr. Cohen were not accepted by the jury. Specifically, the jury rejected plaintiff's contention that Dr. Cohen had been negligent and had failed to meet the appropriate standard of care in his provision of medical services. Based upon the Supreme Court's discussion in *In re S.A.J.* and its reliance on *Trowbridge,* we find that "successful maintenance" must be established before plaintiff will be precluded from adopting an inconsistent position in the course of this latter judicial proceeding.[3]

We acknowledge that plaintiff's theories of liability appear inconsistent and conflicting. In the first action, plaintiff repeatedly advanced the position that the delay in delivery by caesarian section was the *sole* cause of her harm, arguing that prenatal events did not in *any way* cause or contribute to the injuries. In the present case, plaintiff alleges that had defendant Buck properly detected Cherita's pregnancy and made the appropriate recommendations for prenatal care and testing, "Darianna's neurologic injury could have been prevented and/or the

---

3. Further, we note that because the jury found Dr. Cohen was not negligent, no verdict was rendered on the issue of causation. Arguably, as there was no final adjudication of this issue, the doctrine of judicial estoppel is inapplicable. See *e.g., In re Estate of Bullotta,* 575 Pa. 587, 838 A.2d 594 (2003). Moreover, we note that *In re Estate of Bullotta* was decided by the Supreme Court on the same date as *In re S.A.J.* with Justice Eakin writing for the majority. Both the majority and concurring opinions reference the "successful maintenance" element of judicial estoppel.

risk of neurologic injury would have been lower." (Complaint at paragraph 12.) Nevertheless, plaintiff asserts that Ms. Buck and the defendants in *Jackson v. Cohen* were under independent, separable duties of care to act and neither of them did so. Accordingly, plaintiff maintains that her legal positions in the two cases are not directly at odds, as the duties of care are of independent origin.

While there is some disagreement as to whether judicial estoppel should only foreclose successfully-maintained positions and successful litigants, this court believes that inherent in the doctrine of judicial estoppel is previous successful use of a position. See *e.g., In re Estate of Bullotta,* 575 Pa. 587, 838 A.2d 594 (2003); *Associated Hospital Service of Philadelphia v. Pustilnik,* 497 Pa. 221, 439 A.2d 1149 (1981). Accordingly, we find the doctrine to be inapplicable in the present case because plaintiff's legal theory as to causation of her injuries was not successfully maintained. Moreover, we accept plaintiff's assertion that, although the theories of causation appear inconsistent, they do not present the type of clear conflict which has justified application of the doctrine in other instances. See *Ligon v. Middletown Area School District,* 136 Pa. Commw. 566, 584 A.2d 376 (1990). Therefore, we entered the following:

## ORDER

AND NOW, December 8, 2005, upon consideration of defendants' motions for summary judgment, plaintiff's response thereto and for the reasons stated in the accompanying opinion, the motions for summary judgment are denied.