**John Y. GEROW, III, Appellant**

v.

**Clarinda M. GEROW, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 19, 2008.

Filed Dec. 4, 2008.

Denise Sebald, Wyomissing, for appellant.

Konrad Jarzyna, Kurtztown, for appellee.

BEFORE: LALLY–GREEN, GANTMAN and ALLEN, JJ.

OPINION BY ALLEN, J.:

¶ 1 Amy Hutchinson ("Appellant") as executrix of the estate of John Y. Gerow, III ("Husband") appeals the trial court's December 6, 2007 order denying Appellant's motion to substitute personal representative and determine economic rights pursuant to the Divorce Code at 23 Pa.C.S.A. § 3323(d)(1).

¶ 2 Appellant filed this appeal on January 7, 2008. On January 24, 2008, the trial court directed Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a concise statement on February 1, 2008.

¶ 3 Appellant raises the following questions on appeal:

DID THE LOWER COURT ERR IN DETERMINING THE COURT HAS NO AUTHORITY TO HOLD A HEARING AFTER THE DEATH OF A PARTY TO DETERMINE IF GROUNDS FOR DIVORCE EXIST UNDER 23 CONS. STAT. ANN. § 3323(g)(1) AND 23 CONS. STAT. ANN. § 3301(A)?

DID THE LOWER COURT ERR IN DETERMINING TESTIMONY TO DETERMINE IF GROUNDS FOR DIVORCE EXIST FOLLOWING THE DEATH OF A PARTY WOULD BE BARRED UNDER THE DEAD MAN'S STATUTE? (sic)

Appellant's Brief at 3.

¶ 4 On December 14, 2001, Husband filed a divorce complaint in which he alleged, *inter alia,* that the marriage was irretrievably broken pursuant to the no fault provisions of 23 Pa.C.S.A. §§ 3301(c) and (d), and on the fault grounds that he had suffered indignities pursuant to 23 Pa.C.S.A. § 3301(a)(6). The trial court detailed the procedural history that followed:

The Complaint was served on December 26, 2001 by registered mail, return receipt requested. Counsel entered an appearance on behalf of Clarinda Gerow,

(Wife), but did not file an Answer. For over four years, no activity occurred in this case. A Notice of Proposed Termination was sent to Husband on January 25, 2005. Husband filed a Praecipe of his intention to proceed with the divorce and motioned for the appointment of a special master. Wife objected to said motion but her objections were later withdrawn. On August 7, 2006, pursuant to the parties' stipulation, a special master was appointed.

In July of 2006, Husband suffered a heart attack and lapsed into a coma. On August 18, 2006, in an attempt to keep the divorce matter active, Appellant filed a Petition for Appointment of Guardian Ad Litem, asserting that, since she was given a durable power of attorney for Husband, she should be appointed as his guardian ad litem in this action to be authorized to execute an Affidavit of Consent on Husband's behalf, finalize the divorce and resolve the economic issues. A status conference was held on September 13, 2006. On September 19, 2006, Appellant filed a Praecipe to Withdraw Petition to be appointed guardian because Husband was deceased, rendering the petition moot. No further action was taken by the special master.

Nearly a year later, on September 21, 2007, Appellant filed a Motion to Substitute Personal Representative and to Determine Economic Rights of the Parties, in order to effectuate Husband's wishes as stated in his will. A status conference was set for October 16, 2007; the parties were ordered to file briefs on the issues of: whether the court has the authority to hold a hearing to determine if grounds for divorce exist following the death of a party and whether the Dead Man's Statute would apply to this case. On December 6, 2007, after consideration of the briefs, we denied Appellant's Motion to Substitute Personal Represen-

tative and to Determine Economic Rights of the Parties.

Trial Court Opinion, 3/28/08, at 1–2.

¶ 5 In her first issue, Appellant argues that, despite the death of Husband, the trial court had the authority to conduct a hearing to determine whether grounds for divorce existed pursuant to 23 Pa.C.S.A. § 3323(g) and § 3301(a). Appellant's Brief at 9.

 ¶ 6 The death of a party to a divorce proceeding is addressed in 23 Pa. C.S.A. § 3323(d.1):

> **death of a party.**—In the event one party dies during the course of divorce proceedings, no decree of divorce has been entered and *grounds have been established* as provided in subsection (g), the parties' economic rights and obligations arising under the marriage shall be determined under this part rather than under 20 Pa.C.S. (relating to decedents, estates and fiduciaries). (emphasis added)

Subsection (g) provides:

> **Grounds established.**—For purposes of subsections (c.1) and (d.1), grounds are established as follows:
>
> (1) In the case of an action for divorce under 3301(a) or (b) (relating to grounds for divorce), the court adopts a report of the master or makes its own findings that grounds for divorce exist.
>
> (2) In the case of an action for divorce under section 3301(c), both parties have filed affidavits of consent.
>
> (3) In the case of an action for divorce under 3301(d), an affidavit has been filed and no counter-affidavit has been filed or, if a counter-affidavit has been filed denying the affiant's averments, the court determines that the marriage is irretrievably broken and the parties have lived separate and apart for at least two years at the time of the filing of the affidavit.

¶ 7 In the present case, no grounds for divorce were established prior to Husband's death. It is uncontroverted that the parties had not filed affidavits consenting to the entry of a divorce decree pursuant to 23 Pa.C.S.A. § 3301(c) or (d). It is also undisputed that no master's report had been issued with regard to Husband's claim for divorce pursuant to 23 Pa.C.S.A. 3301(a). Moreover, the trial court determined that it could not make its own findings that grounds for divorce existed. The trial court explained:

> Husband in this case filed for a divorce under § 3301(a)(6), Indignities. In order to grant a divorce based on these grounds, a trial court is required to make credibility findings and a finding of an innocent and injured spouse, a prerequisite for an entitlement to a divorce based upon indignities. A plaintiff must establish a course of conduct on the part of the defendant which would render the condition of life intolerable by evidence from which an inference of settled hate and estrangement can be deduced. The plaintiff must also show himself to be the innocent and injured spouse.
>
> Husband cannot meet his burden to establish the grounds for a divorce. There have been no findings by a master that we could adopt. We have never presided over a hearing between the parties, so we cannot make our own findings of fact. We cannot make credibility determinations about fault grounds based on conversations with friends and e-mails. We also do not believe Wife, if called as of cross, would establish the grounds for Husband under the circumstances of this case. It is therefore irrelevant that the estate would be waiving the Dead Man's Rule to make Wife competent to testify.

Trial Court Opinion, 3/28/2008, at 7 (citations omitted).

¶ 8 The trial court's determination that it was statutorily barred from conducting a hearing on whether grounds for divorce existed pursuant to 23 Pa. C.S.A. § 3301(a) is supported by case law. In general, the death of a spouse during the pendency of a divorce proceeding abates the divorce action and any and all claims for equitable distribution. *In re: Estate of Bullotta,* 798 A.2d 771, 774 (Pa.Super.2002), *affirmed,* 575 Pa. 587, 838 A.2d 594 (2003). When the divorce action is abated by the death of one of the spouses prior to the entry of a divorce decree, economic claims are also abated prior to the entry of a decree by the death of one of the spouses. *Id.* However, 23 Pa. C.S.A. § 3323(d.1) creates an exception when grounds for divorce have already been established, such that the parties' economic rights are determined under equitable distribution principles rather than elective share provisions of the Probate Code. *Taper v. Taper,* 939 A.2d 969, 973 (Pa.Super.2007). The Court in *Taper* explained:

> [O]n January 28, 2005, the Divorce Code was amended to provide that upon the death of a spouse, a divorce action will not abate so long as the grounds for divorce have been established. Under this subsection, if grounds for divorce have been established as set forth in 23 Pa.C.S.A. § 3323(g), then the parties' economic rights are determined under the equitable distribution principles rather than the elective share principles of the Probate Code.

*Id.* The *Taper* Court further concluded that, although the trial court erred as a matter of law in granting a posthumous divorce decree, the trial court did not abuse its discretion in rendering its order of equitable distribution because grounds for divorce had been established as evidenced by both parties filing affidavits of consent consistent with the language of 23 Pa.C.S.A. § 3323(g).

¶ 9 Similarly, this Court in *Yelenic v. Clark,* 922 A.2d 935 (Pa.Super.2007), applied 23 Pa.C.S.A. §§ 3323(d.1) and (g) in finding that a posthumous divorce decree could not be entered, although the equitable distribution action could continue where grounds for divorce had been established consistent with 23 Pa.C.S.A. § 3323(g). In *Yelenic,* as with the case presently before us, the divorce complaint alleged indignities, and alternatively, that the marriage was irretrievably broken. However, unlike the case at bar, the parties in *Yelenic* had each signed affidavits consenting to the entry of a divorce decree and waivers of notice of intention to request the entry of a divorce decree; also, the parties had negotiated a written marital settlement agreement, although husband died before having the opportunity to sign it.

¶ 10 In the present case, and as noted by the trial court, no such actions were undertaken to support a finding that grounds had been established. The trial court discussed *Yelenic* and recognized the perceived inequity of its ruling in the instant case:

> Appellant argues that it would be a 'massively inequitable result for the estate of the decedent' for Wife to retain the marital property. The Superior Court was confronted with this argument *in Yelenic, supra.* However, the Court affirmed that abatement remains the general rule. In this regard, Appellant is stuck with the problem confronting the appellant in *Yelenic.* The Superior Court stated, 'the court's equitable powers set forth in 23 Pa.C.S.A. § 3323(f) may be helpful under [certain] circumstances, but no statutory sections that we are aware of authorize the trial court to grant a divorce posthumously.'

> We have no statutory authority to determine the economic rights and obligations of the parties under the Divorce Code because no grounds for the divorce have been, nor can they now be established.

Trial Court Opinion, 3/28/2008, at 7–8 (citation omitted).

 ¶ 11 Based on the foregoing, we conclude that the trial court properly denied Appellant's motion to substitute personal representative and to determine economic rights. This holding vitiates Appellant's second issue regarding the applicability of the Dead Man's Rule to posthumous proceedings. Finally, although we find that Appellant is not entitled to relief and affirm the order of the trial court, we are unpersuaded by the argument of Appellee, Clarinda Gerow, that this appeal is frivolous or the result of dilatory, obdurate or vexatious conduct. (Appellee's Brief at 1, 8–9). We therefore deny Appellee's request for attorneys fees pursuant to Pa. R.A.P. 2744.

¶ 12 Order affirmed.