J-A22004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF ROBERT D. MUTZABAUGH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| APPEAL OF: PAULETTE MUTZABAUGH | No. 2115 MDA 2014 |

Appeal from the Order Entered November 21, 2014
In the Court of Common Pleas of Perry County
Orphans' Court at No(s): 5014-0149

BEFORE:  BOWES, JENKINS, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                **FILED NOVEMBER 09, 2015**

Paulette Mutzabaugh appeals from the November 21, 2014 order granting the petition filed by Maryann Mutzabaugh to remove Paulette as the administratrix of the estate of Robert D. Mutzabaugh.[1]  We affirm.

On September 14, 2014, Paulette, Robert's mother, was granted letters of administration after filing a petition wherein she averred the following.  Robert died on August 26, 2014, intestate.  Maryann and Robert were in the process of divorcing, and grounds for the divorce were established in the divorce case.  Paulette asserted that she was Robert's sole

---

[1] An order removing a personal representative of an estate is a final, appealable order. Pa.R.A.P. 342(a)(5).

* Retired Senior Judge assigned to the Superior Court.

intestate heir and entitled to serve as his administratrix. Based upon these representations, the Register of Wills of Perry County granted the petition and appointed Paulette administratrix of the estate.

On September 23, 2014, Maryann filed a petition for Paulette's removal, setting forth the following. Maryann and Robert were still legally married when he died. Since Robert did not have a will, Maryann, as his spouse was entitled to be his administratrix and Paulette should be removed. 20 Pa.C.S. § 3155(b) ("Letters of administration shall be granted by the register . . . to one or more of those mentioned and, except for good cause, in the following order: (1) Those entitled to the residentiary estate under the will. (2) The surviving spouse[.]"). Maryann reported that, contrary to Paulette's representation, grounds for divorce were not established, as required by § 3323(g) of the Divorce Code, set forth *infra*, so that she was entitled to her spousal rights under the Probate, Estates, and Fiduciaries Code ("PEF Code").

On October 13, 2014, the court issued a citation to Paulette to appear on November 10, 2014, and show cause why she should not be removed as administratrix. Paulette responded to the petition by admitting that Robert and Maryann were married on July 5, 1981. She continued that Maryann filed a divorce complaint against Robert on October 12, 2011, but the divorce proceeding was stayed when Robert, individually, filed for bankruptcy to avoid a foreclosure on his home.

Paulette outlined that Maryann filed a petition for special relief in the divorce court asking that the anticipated proceeds in the amount of $35,000 from an impending sale of the marital home be escrowed since Robert had removed $90,000 from his retirement account without paying anything to Maryann. Maryann's petition for special relief indicated that the parties had been separated since September 22, 2011. Robert informed the divorce court of his bankruptcy filing, and the divorce court stayed the petition for special relief.

Paulette also noted that, on April 15, 2014, Maryann and Robert jointly applied for relief in the bankruptcy court from the automatic stay, asserting that they "have been separated for a period of two (2) years or more and are interested in finalizing their divorce." Response to Citation on Petition for Removal of Administratrix, 11/7/14, at Exhibit C. The bankruptcy stay was lifted on May 13, 2014. On August 18, 2014, Maryann then moved for the appointment of a master and indicated that the "statutory ground(s) for divorce are § 3301(d)." *Id*. at Exhibit E. Robert died ten days later.

Based upon the record filings, the orphans' court concluded that Maryann was entitled to serve as administratrix of the estate under § 2106 of the PEF Code, and it removed Paulette. This appeal followed. Paulette raises these grounds for relief.

> [1.] Where a spouse has taken the legal position before the Bankruptcy Court and the Divorce Court that grounds for divorce under 3301(d) of the Divorce Code exist, is she

judicially estopped from changing position after the other spouse dies to assert in the Orphans Court that there are no grounds for divorce[?]

[2.] In the alternative, if she is not judicially estopped from the assertion, does the fact that the automatic stay of the bankruptcy laws barred the steps needed to move forward on the divorce so that the parties had to cooperate to remove the bar, substitute for the strict requirements of filing 3301(d) affidavits?

Appellant's brief at 2.

We first set forth our standard of review:

Our standard of review of an orphans' court's decision is deferential. *In re Estate of Strahsmeier*, 54 A.3d 359, 362 (Pa.Super. 2012). When reviewing an orphans' court decree, this Court must determine whether the record is free from legal error and whether the orphans' court's findings are supported by the record. *Id.* at 362–363. Because the orphans' court sits as the finder of fact, it determines the credibility of the witnesses and, on review, this Court will not reverse its credibility determinations absent an abuse of discretion. *Id.* at 363. However, this Court is not bound to give the same deference to the orphans' court conclusions of law. *Id.* Where the rules of law on which the orphans' court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree. *Id.*

*In re Estate of Zeevering*, 78 A.3d 1106, 1108 (Pa.Super. 2013).

We note that, prior to 2005, a divorce action automatically abated once one spouse died if a divorce decree was not entered. *Taper v. Taper*, 939 A.2d 969 (Pa.Super. 2007). Thus, if a spouse died at any stage of the divorce lawsuit before the divorce decree was entered, the surviving spouse's interest was determined under the PEF Code. *Id*. On January 28, 2005, the Divorce Code was amended so that a divorce action was not

abated under 23 Pa.C.S. § 3323(d.1) if grounds for divorce have been established in accordance with 23 Pa.C.S. § 3323(g). *Id*.

Specifically, § 3323(d.1) of the Divorce Code provides, "In the event one party dies during the divorce proceedings, no decree of divorce has been entered and grounds had been established as provided in subsection (g), the parties' economic rights and obligations arising under the marriage shall be determined under this part rather than under 20 Pa.C.S. (relating to decedents, estates, and fiduciaries)." Concomitantly, 20 Pa.C.S. § 2106(a)(2)(ii)-(iii) of the PEF Code outlines that,

> A spouse shall have no right or interest under this chapter in the real or personal estate of the other spouse if:
>
> (i) the other spouse dies domiciled in this Commonwealth during the course of divorce proceedings;
>
> (ii) no decree of divorce has been entered pursuant to 23 Pa.C.S. § 3323 (relating to decree of court); and
>
> (iii) grounds have been established as provided in 23 Pa.C.S. § 3323(g).

Thus, both the Divorce Code and the PEF Code provide that the divorce action abates and a surviving spouses' rights are determined under the PEF Code only when the mandates of 23 Pa.C.S. § 3323(g) are satisfied. That provision outlines:

> (1) In the case of an action for divorce under 3301(a) or (b) (relating to grounds for divorce), the court adopts a report of the master or makes its own findings that grounds for divorce exist.

(2) In the case of an action for divorce under section 3301(c), both parties have filed affidavits of consent.

(3) In the case of an action for divorce under 3301(d), an affidavit has been filed and no counter-affidavit has been filed or, if a counter-affidavit has been filed denying the affiant's averments, the court determines that the marriage is irretrievably broken and the parties have lived separate and apart for at least two years at the time of the filing of the affidavit.

23 Pa.C.S. § 3323(g).

Section 3301 of the Divorce Code outlines the various grounds for divorce. Section 3323(g)(1) pertains both to § 3301(a), which is a fault divorce instituted by an innocent and injured spouse, and to § 3301(b), wherein a party can divorce a mentally ill and institutionalized spouse. Maryann did not seek a fault divorce or one due to Robert's institutionalization. Section 3323(g)(2) covers divorces under 3301(c), which are divorces by consent. Again, that section is inapplicable since Robert did not consent to the divorce.

Instead, Maryann sought divorce under § 3301(d), which permits a divorce under certain circumstances when the marriage is irretrievably broken and when the parties have been separated for more than two years. Thus, in order for the divorce action at issue herein to not abate, the provisions of § 3323(g)(3) must be met. Under that provision, an affidavit must be filed. Maryann did not file an affidavit. She requested a master and stated that she was seeking a divorce under § 3301(d). *See* Appellant's

brief at 9 ("Appellant concedes that neither party strictly complied with the requirements of 23 Pa.C.S. § 3323(g)(3) by filing so-called 3301(d) affidavits.").

Paulette first avers that Maryann is judicially estopped from contesting that grounds for divorce existed because Maryann's prior filings in the divorce and bankruptcy courts established grounds for divorce under § 3301(d). We disagree. Specifically, that section provides:

**(d) Irretrievable breakdown.--**

(1) The court may grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and an affidavit has been filed alleging that the parties have lived separate and apart for a period of at least two years and that the marriage is irretrievably broken and the defendant either:

(i) Does not deny the allegations set forth in the affidavit.

(ii) Denies one or more of the allegations set forth in the affidavit but, after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least two years and that the marriage is irretrievably broken.

(2) If a hearing has been held pursuant to paragraph (1)(ii) and the court determines that there is a reasonable prospect of reconciliation, then the court shall continue the matter for a period not less than 90 days nor more than 120 days unless the parties agree to a period in excess of 120 days. During this period, the court shall require counseling as provided in section 3302 (relating to counseling). If the parties have not reconciled at the expiration of the time period and one party states under oath that the marriage is irretrievably broken, the court shall determine whether the marriage is irretrievably broken. If the court determines that the marriage

is irretrievably broken, the court shall grant the divorce. Otherwise, the court shall deny the divorce.

While Maryann asked for a divorce under § 3301(d), she did not plead in a divorce complaint that the marriage was irretrievably broken, and she did not file an affidavit attesting to a more than two-year separation and that the marriage was irretrievably broken. Robert did not deny the allegations. The divorce court made no determination regarding the state of the marriage, and the proceedings under § 3301(d)(2) did not occur. Paulette's estoppel position fails in that Maryann never pled either that there was an irretrievable breakdown in the marriage or that Robert did not deny her allegation. Maryann admitted the date of separation in her pleadings and asked for a determination that grounds for divorce existed under § 3301(d), which did not occur.

Likewise, we cannot agree with Paulette's second assertion, which is that § 3323(g) should be applied since the only reason that a divorce was not entered was due to the bankruptcy stay and that the parties' joint request for a stay from bankruptcy satisfied the requirements for affidavits. Robert, not Maryann, filed for bankruptcy, and he had Maryann's petition for special relief stayed due to his bankruptcy. This case does not involve a situation where one spouse, through the disingenuous use of a bankruptcy filing, has stayed a divorce to prevent application of § 3323(g) due to a spouse's impending death. Any delay in the divorce case was attributable to

Robert, and we will not impute ill intent on Maryann's part. The fact that Robert asked for the lifting of the bankruptcy stay is not the equivalent of filing an affidavit under § 3301(d).

Our decision in **Gerow v. Gerow**, 962 A.2d 1206, 1207-10 (Pa.Super. 2008), is instructive. Therein, wife wanted to pursue her property rights under the Divorce Code rather than the PEF Code. Husband had instituted the divorce case on three grounds. He then failed to litigate it for years. Nearly five years after it was filed, the matter was set to proceed to a master when husband suffered a heart attack and died. Wife wanted to proceed with the divorce case. We denied wife's request to allow the divorce to proceed. We held that, unless the requirements of § 3323(g) are met, the divorce action abates and the surviving spouse's rights are determined under the PEF Code.

This case is dispositive. The divorce case was filed, the matter sat idle for years, and, just before it was set to be heard by a master, one of the spouses died. Thus, the mandates of § 3323(g) were not met. As the orphans' court correctly applied the law to the facts, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/9/2015</u>