J-A05025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF GARY JOHN CARLISLE AKA GARY J. CARLISLE | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: CYNTHIA CARLISLE | : : : : : : : : | |
| | : | No. 971 WDA 2024 |

Appeal from the Order Entered July 18, 2024
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  No. 02-23-04482

BEFORE:  OLSON, J., MURRAY, J., and KING, J.

MEMORANDUM BY KING, J.:                      **FILED: July 15, 2025**

Appellant, Cynthia Carlisle ("Wife"), appeals from the order entered in the Allegheny County Court of Common Pleas, Orphans' Court, which ordered that a property previously owned by Wife and her deceased husband, Gary John Carlisle ("Huband"), as tenants by the entirety, is an asset of Husband's estate.  We affirm.

The relevant facts and procedural history of this case are as follows.  On November 7, 2019, Wife initiated divorce proceedings against Husband.  Wife and Husband owned a property at 529 Beaufort Avenue, Pittsburgh, Pennsylvania 15226 ("Property") as tenants by the entirety.  During the pendency of the divorce proceedings, the court entered a consent order on January 28, 2022.  The order provided, in relevant part:

> [U]pon consent of the parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. Wife, Cynthia Carlisle, hereby relinquishes all right, title, and interest to the rental property located at 529 Beaufort Avenue, Pittsburgh Pennsylvania, 15226, with no compensation of any sort paid to her from Husband. Husband, Gary Carlisle, shall retain sole possession of the rental property free and clear from any and all claims of Wife. Husband shall be solely responsible for the maintenance of the property and the payment of any and all expenses associated with the property.

2. Wife shall immediately execute a Special Warranty Deed to be prepared by Husband's counsel in order to transfer the title of the rental property into Husband's sole name. Huband shall be responsible to record the Deed with the Department of Real Estate.

* * *

4. This Order shall remain in full force and effect until further order of Court.

(Consent Order, attached to Petition for Rule to Show Cause as Exhibit 3, filed 2/14/24, at 2-3; R.R. at 25a-26a). The order was signed by Wife and Husband. Nevertheless, the parties did not execute a deed transferring the Property to Husband. On June 12, 2023, Husband died. Following Husband's death, Wife filed a petition seeking to terminate the divorce action, which the court granted on October 4, 2023.

On June 21, 2023, John W. Carlisle, the administrator of Husband's estate, filed for letters testamentary with the Allegheny County Orphans' Court. On February 14, 2024, Husband's estate filed a petition for rule to show cause why the Property should not be titled as an asset of the estate, relying on the January 28, 2022 consent order granting sole ownership of the Property to Husband. On April 5, 2024, the Orphans' Court entered an order

- 2 -

permitting the parties to engage in discovery and scheduling a hearing on the matter for June 24, 2024. On the day of the scheduled hearing, both parties agreed to submit the matter on the briefs.

On July 22, 2024, the court entered an order finding that the Property is an asset of Husband's estate. Wife filed a timely notice of appeal on August 13, 2024. On August 27, 2024, the court ordered Wife to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Wife complied on September 12, 2024.

Wife raises the following issue for our review:

> Did the [Orphans'] court err as a matter of law and commit an abuse of discretion in entering an order conveying Property owned as tenants by the entireties to the estate of the deceased husband based upon an interim order of court that was entered into during the pendency of the parties' divorce, when the parties had reconciled subsequent to the order and where the divorce action and any claims raised therein were abated and terminated upon the death of husband.

(Wife's Brief at 4).

Wife asserts that the consent order relied upon by the court was not a final marital settlement agreement between the parties but only an interim order in contemplation of further resolution. Wife contends that Husband died before the parties resolved the divorce proceedings with either a marital settlement agreement or a final order of court. Wife claims that prior to Husband's death, the parties reconciled, and Husband took no action to transfer ownership of the Property. Wife argues that after Husband's death, Wife retained sole ownership of the Property as the surviving spouse, and

Husband's estate does not have a claim to it. Wife concludes that the Orphans' Court erred in determining that the Property is an asset of Husband's estate, and this Court should reverse. We disagree.

"The determination of marital property rights through … settlement agreements has long been permitted, and even encouraged." **Holz v. Holz**, 850 A.2d 751, 757 (Pa.Super. 2004), *appeal denied*, 582 Pa. 700, 871 A.2d 192 (2005) (internal citations omitted). "[M]arital settlement agreements are governed by the law of contracts." **In re Estate of Bullotta**, 575 Pa. 587, 592, 838 A.2d 594, 597 (2003). In reviewing a trial court's interpretation of a marital settlement agreement, this Court applies the following standard of review:

> Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision. However, we are bound by the trial court's credibility determinations. When interpreting a marital settlement agreement, the trial court is the sole determiner of facts and absent an abuse of discretion, we will not usurp the trial court's fact-finding function. On appeal from an order interpreting a marital settlement agreement, we must decide whether the trial court committed an error of law or abused its discretion.

**Kraisinger v. Kraisinger**, 928 A.2d 333, 339 (Pa.Super. 2007) (internal citations and quotation marks omitted).

"Generally, a divorce action abates with the death of one of the spouses." **In re Estate of Bullotta, supra** at 592, 838 A.2d at 596.

Nevertheless, a marital settlement agreement "is an agreement … made in lieu of having the court divide the property. Once such a contract is made, though fulfillment may be delayed until entry of the final divorce decree, the contract is still enforceable." **Id.** at 592, 838 A.2d at 597. Our Supreme Court has further explained:

> [T]he agreement is still enforceable though the parties may no longer divorce. A marital settlement agreement, while requiring performance from each party, is not necessarily unique to the respective parties. Thus, an executory contract that is not personal to a decedent does not dissolve upon death. In other words, if the contract can be completed by the estate of a party, it is not void due to the death of a party.

**Id.**

Instantly, the Orphans' court determined that the Property was an asset of Husband's estate pursuant to our Supreme Court's decision in **In re Est. of Bullotta**. In that case, the parties reached a settlement agreement dividing their marital assets during their divorce proceedings. The terms of the settlement agreement were set forth in a consent order entered by the court. Nevertheless, the husband died before a final divorce decree was entered and before all terms of the settlement agreement were executed. The executor of the husband's estate filed a rule to show cause why the marital assets allocated to the husband by the settlement agreement should not be turned over to the estate. The trial court ordered that the assets in question be turned over to the husband's estate. In affirming the trial court's decision, our Supreme Court held that the marital settlement agreement, as set forth

- 5 -

in the consent order, was enforceable, was able to be completed by the husband's estate, and was not voided by the husband's death. *See In re Est. of Bullotta, supra*.

Here, similar to the facts in *In re Est. of Bullota*, Wife and Husband reached a marital settlement agreement regarding the Property during the pendency of their divorce action. Specifically, Wife agreed to relinquish all interests in the Property to Husband. This agreement was set forth in a consent order that was signed by both parties. Although Husband died prior to the transfer of Wife's interests in the Property to Husband and prior to entry of a final divorce decree, the marital settlement agreement remains enforceable by Husband's estate. *See id.*

Wife attempts to distinguish this case by claiming that the January 28, 2022 consent order was not a final marital settlement agreement between the parties but only an interim order. In support of this assertion, Wife notes that the order states that it shall remain in effect "until further order of court." Nevertheless, this language in the consent order does not indicate that the transfer of the Property to Husband was meant to be temporary or for a limited time until further resolution. Notably, Wife presented no evidence of any such agreement between Husband and Wife. Additionally, Wife did not present evidence of any subsequent order that would limit or change the agreement as set forth in the January 28, 2022 consent order regarding the transfer of the Property. Further, nothing in the record supports Wife's assertion that she

and Husband reconciled prior to his death. On this record, we agree with the Orphans' Court that the facts of this case are consistent with those in ***In re Est. of Bullotta***, and Wife entered into an enforceable marital settlement agreement relinquishing her rights to the Property. Therefore, we discern no error with the court's determination that the Property is an asset of Husband's estate. ***See Kraisinger, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

7/15/2025