Lillian J. TOSI, Appellee

v.

**Robert KIZIS, as Personal Representative of John J. Tosi, Deceased, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 23, 2013.

Filed Feb. 6, 2014.

---

Helen E. Casale, Norristown, for appellant.

Lawrence D. MacDonald, Wilkes Barre, for appellee.

BEFORE: BENDER, P.J., WECHT, and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

Appellant, Robert Kizis, as personal representative of John J. Tosi, deceased, appeals from the order entered in the Luzerne County Court of Common Pleas denying Appellant's petition to strike the discontinuance of a divorce action. We hold that, where the defendant in a divorce action dies before a divorce decree is en-

tered but after grounds for divorce are established, the surviving spouse may voluntarily elect to discontinue the proceedings pursuant to Pa.R.C.P. 229(c). Accordingly, we affirm.

John J. Tosi ("Husband") and Lillian J. Tosi ("Wife") were married on November 12, 1966. The parties separated on March 31, 2003, when Wife filed an action in divorce, raising a claim for equitable distribution of marital property. Husband did not file an answer in response to Wife's divorce complaint.

On August 8, 2006, Wife filed her affidavit of consent pursuant to 23 Pa.C.S. § 3301(c), alleging that the parties had been living separate and apart for more than two years and seeking the entry of a divorce decree. On August 25, 2008, Husband filed a counter-affidavit opposing the entry of a divorce decree pending the resolution of the equitable distribution proceedings. In the counter-affidavit, Husband also raised a claim for "economic relief" including the division of marital property. However, Husband did not file his economic claims with the Prothonotary as provided in the form counter-affidavit set forth in Pa.R.C.P. 1920.72.

Equitable distribution proceedings continued, which included the joining of additional defendants regarding rights in certain commercial property acquired by Husband and Wife during their marriage. On May 5, 2008, the trial court appointed a master to determine the parties' equitable distribution claims. A pre-trial conference took place in June 2008, but a date certain for trial was not set. On August 1, 2008, Husband filed his affidavit of consent, consenting to the entry of a divorce decree. On August 19, 2008, Husband died.

_____

* Former Justice specially assigned to the Superior Court.

More than four months later, Wife filed a praecipe to discontinue the divorce action, and the case was discontinued by the Luzerne County Prothonotary on December 23, 2008. On January 9, 2009, Husband's counsel filed a petition to strike the discontinuance. The trial court denied the request to strike the discontinuance and Husband's counsel filed an appeal. A panel of this Court quashed the appeal finding that because Husband was deceased, and because Husband's counsel did not (1) file a notice of death with the Luzerne County Prothonotary as required by Pa.R.C.P. 2355(a) or (2) substitute a personal representative as Husband's successor in the divorce action, Husband lacked standing to appeal. *See Tosi v. Tosi*, 507 MDA 2009, 4 A.3d 691 (unpublished memorandum) (Pa.Super. June 17, 2010).

On remand, counsel filed a praecipe to substitute Appellant for Husband. On September 20, 2010, Appellant filed a second petition to strike the December 28, 2008 discontinuance. On December 2, 2010, Wife filed an answer, new matter, and claim for attorneys' fees. Subsequently, the judge assigned to the case recused himself and the matter was not rescheduled for a hearing. Appellant filed a third petition to strike the discontinuance on June 22, 2012, without a rule returnable for a hearing. Therefore, the trial court was not able to schedule a hearing on the petition. On August 17, 2012, Appellant filed a fourth petition to strike the discontinuance and a hearing was scheduled. Wife again filed an answer, new matter, and claim for attorneys' fees. Following argument on this petition, the trial court denied Appellant's request to strike the discontinuance. This timely appeal followed.[1]

Five issues are presented on appeal:

Did the trial court err or abuse its discretion in denying [Appellant's] Petition to Strike Discontinuance in light of. 23 Pa.C.S.A. § 3323(d.1) when grounds for divorce had been established?

Did the trial court err or abuse its discretion in ruling that 23 Pa.C.S.A. § 3323(d.1) is inapplicable because only [Wife] had raised a claim for equitable distribution and [Husband] did not raise his own economic claims?

Did the trial court err or abuse its discretion in determining that [Husband] did not properly raise a claim for equitable distribution and did not preserve his right to request a claim for equitable distribution?

Did the trial court err or abuse its discretion when it improperly relied on Rule 229 of the Pennsylvania Rules of Civil Procedure to discontinue the divorce matter wherein grounds had been established under Section 3323(d.1) of the Divorce Code and by relying on Rule 229, did the trial court fail to provide [Appellant] with an opportunity for a full hearing to prove the requirements of Rule 229 to strike a discontinuance?

Did the trial court err or abuse its discretion in finding that [Appellant] did not establish that the discontinuance would result in unreasonable inconvenience, vexation, harassment, expense or prejudice to [Appellant] pursuant to Pa. R.C.P. 229?

Appellant's Brief at 8.

Although Appellant presented five issues for this Court's review, Appellant's brief only contains three arguments in vio-

---

1. Appellant timely compiled with the trial court's January 17, 2013 order directing him to file a Pa.R.A.P. 1925(b) statement.

lation of Pa.R.A.P. 2119.[2] Despite this briefing deficiency, we decline to find Appellant's issues waived.

Appellant first argues that the trial court erred when it concluded that Wife could voluntarily discontinue the divorce action pursuant to Pa.R.C.P. 229, even after grounds for the parties' divorce had been established.[3] Appellant claims that once the parties filed their affidavits of consent to divorce, section 3323(d.1) of the Divorce Code mandates that the economic claims between them be resolved pursuant to the Divorce Code. Appellant also argues that the rationale employed by the trial court to conclude that section 3323(d.1) was inapplicable to the instant case was erroneous.

Section 3323(d.1) provides that

[i]n the event one party dies during the course of divorce proceedings, no decree of divorce has been entered and grounds have been established as provided in subsection (g), the parties' economic rights and obligations arising under the marriage shall be determined under this part rather than under Title 20 (relating to decedents, estates and fiduciaries).

23 Pa.C.S. § 3323(d.1).

The right of a party to obtain a discontinuance of an action is governed by Rule 229. Rule 229 provides, *inter alia*, that

(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

\* \* \*

(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense or prejudice.

Pa.R.C.P. 229.

The decision to strike a praecipe to discontinue is within the sound discretion of the trial court and we will not reverse in the absence of an abuse of that discretion. *Fancsali ex rel. Fancsali v. Univ. Health Ctr. of Pittsburgh*, 563 Pa. 439, 761 A.2d 1159, 1162 (2000); *Hopewell v. Hendrie*, 386 Pa.Super. 264, 562 A.2d 899, 900 (1989). "When the trial court reaches a conclusion calling for the exercise of its discretion, the party complaining on appeal has a heavy burden." *Fancsali*, 761 A.2d at 1162. "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." *Id.* (quoting *Paden v. Baker Concrete Constr.*, 540 Pa. 409, 658 A.2d 341, 343 (1995)).

Statutory interpretation is a question of law, therefore our standard of review is *de novo,* and our scope of review is plenary. *Brown v. Levy*, —— Pa. ——, 73 A.3d 514, 517 (2013). When ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning. *See id.*

Instantly, the trial court determined that the power vested in Wife to discontinue the divorce action pursuant to Rule 229(a) was not abrogated by the fact of Husband's death or that the parties had established grounds for their divorce by filing affidavits of consent prior to Hus-

---

**2.** "The argument shall be divided into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a).

**3.** "Grounds for divorce are established when both of the parties have filed affidavits of consent to the divorce." 23 Pa.C.S. § 3323(g).

band's death. "Pennsylvania courts have long held that an action in divorce abates upon the death of either party." *Yelenic v. Clark,* 922 A.2d 935, 938 (Pa.Super.2007). However, recent amendments to the Divorce Code[4] have ensured that a divorce action does not automatically abate at the death of one of the parties so long as the grounds for divorce have been established. *See Gerow v. Gerow,* 962 A.2d 1206, 1209 (Pa.Super.2008); *Taper v. Taper,* 939 A.2d 969, 973 (Pa.Super.2007); *Yelenic,* 922 A.2d at 938.

Notwithstanding these amendments, we conclude the plain language of section 3323(d.1) bars Appellant's assertion that the statute is a mandatory provision that should preempt application of the Rules of Civil Procedure should the plaintiff in a divorce action wish to discontinue the case.[5] Furthermore, Appellant cites no authority in support of this contention and we have found none.[6] Instead, the language of the statute merely provides that in the event of a death of one of the parties in a divorce action, the action may continue and the economic claims of the parties shall be determined under equitable distribution principles rather than under the elective share provisions of the Probate Code.[7] After examining the plain language of section 3323(d.1), we cannot conclude that the statute prohibits the surviving party from voluntarily discontinuing the action prior to entry of the divorce decree as Appellant suggests. We, therefore, hold that the trial court did not abuse its discretion in denying Husband's petition to strike discontinuance pursuant to Rule 229(c).

Appellant's second argument challenges the trial court's conclusion that Husband did not properly raise a claim for equitable distribution, did not preserve his right to request a claim for equitable distribution and, for those reasons, that section 3323(d.1) of the Divorce Code is not controlling of the instant matter. However, having concluded that section 3323(d.1) is inapplicable because Wife was not precluded from exercising her rights under the Rules of Civil Procedure, we need not address the merits of these issues. *See In re T.P.,* 78 A.3d 1166, 1170 (Pa.Super.2013) ("[I]t is a well-settled doctrine in this Commonwealth that a trial court can be affirmed on any valid basis").

For his third argument, Appellant claims the trial court abused its discretion in finding that Appellant did not present any evidence demonstrating that a discontinuance would result in unreasonable inconvenience, vexation, harassment, expense, or prejudice to Appellant pursuant to Rule 229(c) because the trial court did not give Appellant the opportunity to present evidence on those issues.

The trial court stated in its Rule 1925(a) opinion:

> [Appellant] had an opportunity during the hearing to prove the requirements of Pa.R.C.P. 229(c) to strike the discontinuance, but refused to do so. [Appellant]

---

4. Section 3323 of the Divorce Code was amended effective January 28, 2005, to include subsection (d.1).

5. Generally, "[d]ivorce actions are to be in conformity with the rules of civil procedure." *Reece v. Reece,* 66 A.3d 790, 793 (Pa.Super.2013); *see also* Pa.R.C.P. 1920.1(b).

6. Although we note that, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived," we decline to find waiver in the instant case. *In re A.C.,* 991 A.2d 884, 897 (Pa.Super.2010) (citations omitted); *see also* Pa.R.A.P. 2119(a).

7. Chapter 22 of Title 20.

consistently argued and relied on 23 Pa. C.S.A. § 3323[ (d.1) ] to strike the discontinuance of the divorce action and argued that Pa.R.C.P. 229 is inapplicable. [Appellant] could have relied on Pa.R.C.P. 229 as an alternative argument; however [Appellant] chose not to do so.

Trial Ct. Op., 3/11/13, at 6.

The record reveals that at the November 16, 2012 hearing on Appellant's petition to strike, in response to the trial court's query as to whether Appellant needed to testify as to how he had been prejudiced by the discontinuance, Appellant's counsel replied, "you never go down that analysis. You never get to the Rule 229 analysis because even though it's a petition to strike, the only information that the court needed was that this was a legal—legally it was the statute that governed. Not the rule." N.T., 11/16/12, at 29. Our review of the record confirms that Appellant offered no evidence at the hearing as to how the discontinuance would result in unreasonable inconvenience, vexation, harassment, expense, or prejudice to him, as is required by Rule 229(c). Therefore, we conclude the trial court did not err or abuse its discretion in finding Appellant failed to establish grounds for striking the discontinuance. *See* Pa.R.C.P. 229(c); *Hopewell,* 562 A.2d at 900. Accordingly, Appellant is not entitled to relief.

Order affirmed.