**Rule 1920.17.  Discontinuance.  Withdrawal of Complaint.**

**(a)     The plaintiff may withdraw the divorce complaint and discontinue the divorce action by praecipe that includes a certification that:**

**(1)     no ancillary claims or counterclaims have been asserted by either party; and**

**(2)     grounds for divorce have not been established.**

**(b)     A party may withdraw a claim of equitable distribution only:**

**(1)     by written consent of both parties filed with the court, or**

**(2)     after filing and serving on the other party a written notice that the party intends to withdraw the claim of equitable distribution 20 days after service of the notice.**

**(c)     The notice required in subdivision (b) above shall be substantially in the following form:**

**(Caption)**

**NOTICE OF INTENTION TO WITHDRAW CLAIM FOR EQUITABLE DISTRIBUTION**

**TO: _____**

**(PLAINTIFF)          (DEFENDANT)**

**(Plaintiff) (Defendant) intends to withdraw (his) (her) pending claim for equitable distribution of property twenty days after the service of this notice. Unless you have already filed with the court a written claim for equitable distribution, you should do so within twenty days of the service of this notice, or you may lose the right to assert a claim for equitable distribution.  If a decree in divorce is entered and you have not filed a claim for equitable distribution, you will forever lose the right to equitable distribution of property.**

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

_____

**(Name)**

_____

**(Address)**

_____

**(Telephone)**

**(d)** **In the event one party dies during the course of the divorce proceeding, no decree of divorce has been entered and grounds for divorce have been established, neither the complaint nor economic claims can be withdrawn except by the consent of the surviving spouse and the personal representative of the decedent. If there is no agreement, the economic claims shall be determined pursuant to the Divorce Code. If no personal representative has been appointed within one year of the decedent's death, then, upon motion of the surviving party, the court may allow the withdrawal or dismissal of the complaint and/or any pending economic claims.**

_Note:_ **To the extent that** _Tosi v. Kizis_**, 85 A.3d 585 (Pa. Super. 2014) holds that 23 Pa.C.S. §3323(d.1) does not prevent the plaintiff in a divorce action from discontinuing the divorce action following the death of the defendant after grounds for divorce have been established, it is superseded.**

* * *

**Rule 1920.31. Joinder of Related Claims. Child and Spousal Support. Alimony. Alimony Pendente Lite. Counsel Fees. Expenses.**

(a) (1) **[Within thirty days after the service of the pleading or petition containing a]** When either party has raised a claim for alimony or counsel fees, costs and expenses, each party shall file a true copy of the most recent federal income tax return, pay stubs for the preceding six months, a completed Income Statement in the form required at Rule 1910.27(c)(1) and a completed Expense Statement in the form required by Rule 1910.27(c)(2)(B). **A party may not file a motion for the appointment of a master or a request for court action regarding alimony, alimony pendente lite or counsel fees, cost and expenses until at least 30 days following the filing of that party's tax returns, Income Statement and Expense Statement. The other party shall file the tax returns, Income Statement and Expense Statement within 20 days of service of the moving party's documents.** If a claim for child support, spousal support or alimony pendente lite is raised in a divorce complaint, no expense form is needed in a support action that can be decided pursuant to the support guidelines unless a party claims unusual needs or unusual fixed expenses or seeks deviation pursuant to Rule 1910.16-5 or apportionment of expenses pursuant to Rule 1910.16-6.

2

**Rule 1920.33.  Joinder of Related Claims.  Distribution of Property.  Enforcement.**

(a)	**[Within ninety days after service of a pleading or petition containing a claim for determination and distribution of property under Section 3502 of the Divorce Code, e]E**ach party shall file an inventory specifically describing all property owned or possessed at the **[time the action was commenced]** date of separation.  **A party may not file a motion for the appointment of a master or a request for court action regarding equitable distribution until at least 30 days following the filing of that party's inventory.  The other party shall file the inventory within 20 days of service of the moving party's inventory.**  The inventory shall set forth as of the date of **[the filing of the complaint]** separation:

(1)	a specific description of all marital property in which either or both have a legal or equitable interest individually or with any other person and the name of such other person **and all marital liabilities**; **[and]**

(2)	a specific description of all property **[in which a spouse has a legal or equitable interest which is claimed to be excluded from marital property]** or liabilities that are claimed to be non-marital and the basis for such **[exclusion]** claim**[.]; and**

**(3)	the estimated value of each item of marital and non-marital property and the amount of each marital and non-marital liability.**

*Note*: Subdivision (c) of this rule provides sanctions for failure to file an inventory as required by this subdivision.  An inventory **[filed within the ninety day period]** may be incomplete where the party filing it does not know of all of the property involved in the claim for equitable distribution. Consequently, the rule does not contemplate that a party be precluded from presenting testimony or offering evidence as to property omitted from the inventory.  The omission may be supplied by the pre-trial statement required by subdivision (b).

(b)	Within the time required by order of court or written directive of the master or, if none, at least sixty days before the scheduled hearing on the claim for the determination and distribution of property, each party shall file and serve upon the other party a pre-trial statement.  The pre-trial statement shall include the following matters, together with any additional information required by special order of the court:

(1)	a list of assets, which may be in chart form, specifying

(i)	the marital assets, their value, the date of the valuation, whether any portion of the value is non-marital, and any liens or encumbrances thereon; and

(ii)    the non-marital assets, their value, the date of the valuation, and any liens or encumbrances thereon;

(2)    the name and address of each expert whom the party intends to call at trial as a witness.  A report of each expert witness listed shall be attached to the pre-trial statement.  The report shall describe the witness's qualifications and experience and state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion;

(3)    the name, address and a short summary of the testimony of each person, other than the party, whom the party intends to call at trial as a witness;

(4)    a list of all of the exhibits which the party expects to offer in evidence, each containing an identifying mark.  Any exhibits that do not exceed three pages shall be attached to the pre-trial statement, and any exhibits which exceed three pages shall be described;

(5)    the party's gross income from all sources, each payroll deduction, and the party's net income, including the party's most recent state and federal income tax returns and pay stubs;

(6)    if the party intends to offer any testimony as to his or her expenses, an Expense Statement in the form required by Rule 1910.27(c)(2)(B);

(7)    the value of a pension or retirement benefits, the marital portion thereof, and the facts and documentation upon which the party relies to support the valuation;

(8)    if there is a claim for counsel fees, the amount of fees to be charged, the basis for the charge, and a detailed itemization of the services rendered;

(9)    where there is a dispute, the description and value of any items of tangible personal property, the method of evaluating each item, and the evidence, including documentation, to be offered in support of the valuation;

(10)    a list of marital debts including the amount of each debt as of the date of separation, the date on which the debt was initially incurred, the initial amount of the debt and its purpose, the amounts and dates of payments made since the date of separation, and the evidence that will be offered in support of the claim;

(11)    a proposed resolution of the economic issues.

(c)    If a party fails to file either an inventory as required by subdivision (a) or a pre-trial statement as required by subdivision (b), the court may make an appropriate order under Rule 4019(c) governing sanctions.

(d)     (1)     A party who fails to comply with a requirement of subdivision (b) of this rule shall, except upon good cause shown, be barred from offering any testimony or introducing any evidence in support of or in opposition to claims for the matters not covered therein.

(2)     A party shall, except upon good cause shown, be barred from offering any testimony or introducing any evidence that is inconsistent with or which goes beyond the fair scope of the information set forth in the pre-trial statement.

(e)     An order distributing property under Section 3502 of the Divorce Code may be enforced as provided by the rules governing actions for support and divorce, and in the Divorce Code.

* * *

**Rule 1920.42.  Affidavit and Decree under § 3301(c) or § 3301(d)(1) of the Divorce Code.  Notice of Intention to Request Entry of Divorce Decree in §3301(c) and §3301(d)(1)(i) Divorces.  Counter-affidavit.**

(a)     If a complaint has been filed requesting a divorce on the ground of irretrievable breakdown and

(1)     both parties have filed an affidavit under §3301(c) of the Divorce Code substantially in the form prescribed by Rule 1920.72(b), or

(2)     either party has filed a §3301(d) affidavit under § 3301(d) of the Divorce Code substantially in the form prescribed by Rule 1920.72(d) **and has served it upon the other party along with a form counter-affidavit [the averments of which] and** the other party has admitted or failed to deny **the averments of the §3301(d) affidavit**, the prothonotary on praecipe in the form prescribed by Rule 1920.73(b) shall transmit the record to the court, which shall review the record and enter the appropriate decree. No master shall be appointed.

* * *

(d)     (1)     Except as provided in (e), no decree shall be entered by the court under §3301(c) or §3301(d)(1)(i) of the Divorce Code unless a notice of intention to request entry of divorce decree, substantially in the form prescribed by Rule 1920.73(a), was mailed or delivered to the attorney of record of the party against whom the decree is to be entered or, if there is no attorney of record, to the party, **along with a form counter-affidavit if none has been filed,** at least twenty days prior to the date of the filing of the praecipe to transmit the record.  **A copy of [T]t**he praecipe**,** which shall state the date and manner of service of the notice, **[a copy of which]** shall be attached.

(2)     **[If the party against whom the decree is to be entered has no attorney of record, the notice required by subdivision (d)(1) shall be accompanied**

5

**by a form counter-affidavit substantially in the form prescribed by Rule 1920.72(e).] <u>The affidavit required under §3301(d) of the Divorce Code shall be filed with the prothonotary and served upon the other party, along with a form counter-affidavit. The moving party must wait a minimum of 20 days after service of the §3301(d) affidavit before serving the Notice of Intention to File Praecipe to Transmit the Record and another form counter-affidavit or filing the waiver of notice pursuant to Rule 1920.72(c).</u>**

   (e) Notice of intention to request entry of divorce decree shall not be required prior to entry of a divorce decree

     (1) where the parties have executed and filed with the prothonotary a waiver of notice substantially in the form set forth in Rule 1920.72(c); or

     (2) under § 3301(d) where the court finds that no appearance has been entered on defendant's behalf and that defendant cannot be located after diligent search.

*Note:* This counter-affidavit will be filed only if the party against whom the decree is to be entered has not previously denied the allegations of the other party's affidavit or has not previously claimed economic relief by counterclaim or petition.

* * *

**Rule 1920.54. Hearing by Master. Report. Related Claims.**

   (a) If claims for child support, alimony pendente lite, or counsel fees and expenses have been referred to a master pursuant to Rule 1920.51(a), the master's report shall contain separate sections captioned "Child Support," "Alimony Pendente Lite," or "Counsel Fees and Expenses" as appropriate. The report may be in narrative form stating the reasons for the recommendation and shall include a proposed order stating

     (1) the amount of support or alimony pendente lite;

     (2) by and for whom it shall be paid; and

     (3) the effective date of the order.

**[The Income and Expense Statements shall be attached to the report.]**

* * *

**Rule 1920.55-2. Master's Report. Notice. Exceptions. Final Decree.**

   (a) After conclusion of the hearing, the master shall:

6

(1) file the record and the report within

(i) twenty days in uncontested actions or;

(ii) thirty days **[after] from the last to occur of** the receipt of the transcript by the master **or close of the record** in contested actions; and

(2) immediately serve upon counsel for each party, or, if unrepresented, upon the party, a copy of the report and recommendation and written notice of the right to file exceptions.

(b) Within twenty days of the date of receipt or the date of mailing of the master's report and recommendation, whichever occurs first, any party may file exceptions to the report or any part thereof, to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, or to any other matters occurring during the hearing. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters.

(c) If exceptions are filed, any other party may file exceptions within twenty days of the date of service of the original exceptions. The court shall hear argument on the exceptions and enter a final decree.

(d) If no exceptions are filed, the court shall review the report and, if approved, shall enter a final decree.

(e) No Motion for Post-Trial Relief may be filed to the final decree.

**Explanatory Comment—1995**

The amendments created alternative procedures for appeal from the recommendation of a master in divorce. Rule 1920.55-1 states that, if the court chooses to appoint a master, the exceptions procedure set forth in Rule 1920.55-2 will be used unless the court has, by local rule, adopted the alternative procedure of Rule 1920.55-3.

**Explanatory Comment—2006**

The time for filing exceptions has been expanded from ten to twenty days. The purpose of this amendment is to provide ample opportunity for litigants and counsel to receive notice of the report and recommendation, to assure commonwealth-wide consistency in calculation of time for filing and to conform to applicable general civil procedural rules.

\* \* \*

**Rule 1920.71. Form of Notice.**

The notice required by Rule 1920.12(c) shall be **substantially** in the following form:

## NOTICE TO DEFEND AND CLAIM RIGHTS

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take prompt action.  You are warned that if you fail to do so, the case may proceed without you and a decree of divorce or annulment may be entered against you by the court.  A judgment may also be entered against you for any other claim or relief requested in these papers by the plaintiff.  You may lose money or property or other rights important to you, including custody **[or visitation]** of your children.

\* \* \*

**Rule 1920.72.  Form of Complaint.  Affidavit under § 3301(c) or § 3301(d) of the Divorce Code.  Counter-affidavit.  Waiver of Notice of Intention to Request Decree under § 3301(c) and § 3301(d).**

\* \* \*

(e)(1)  The counter-affidavit prescribed by Rule 1920.42(**[c] d**)(2) shall be substantially in the following form in a § 3301(c) divorce:

(Caption)
COUNTER-AFFIDAVIT UNDER § 3301(c) OF THE
DIVORCE CODE

I wish to claim economic relief which may include alimony, division of property, lawyer's fees or expenses or other important rights.

I understand that I must file my economic claims with the prothonotary in writing and serve them on the other party.  If I fail to do so before the date set forth on the Notice of Intention to Request Divorce Decree, the divorce decree may be entered without further notice to me, and I shall be unable thereafter to file any economic claims.

I verify that the statements made in this counter-affidavit are true and correct.  I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.


Date: _____    _____

                                 (PLAINTIFF) (DEFENDANT)

NOTICE: IF YOU DO NOT WISH TO CLAIM ECONOMIC RELIEF, YOU SHOULD NOT FILE THIS COUNTER-AFFIDAVIT.

(2)    The counter-affidavit prescribed by Rule 1920.42(d)(2) shall be substantially in the following form in a §3301(d) divorce:

(Caption)
COUNTER-AFFIDAVIT
UNDER § 3301(d) OF THE DIVORCE CODE

1. Check either (a) or (b):

□(a)    I do not oppose the entry of a divorce decree.

□(b)    I oppose the entry of a divorce decree because (Check (i), (ii)**, (iii)** or **[both] all**):

□(i)    The parties to this action have not lived separate and apart for a period of at least two years.

□(ii)    The marriage is not irretrievably broken.

**□(iii)    There are economic claims pending.**

(2) Check **[either]** (a)**, (b)  or [(b)] (c)** :

□(a)    I do not wish to make any claims for economic relief. I understand that I may lose rights concerning alimony, division of property, lawyer's fees or expenses if I do not claim them before a divorce is granted.

□(b)    I wish to claim economic relief which may include alimony, division of property, lawyer's fees or expenses or other important rights.

**[I understand that in addition to checking (b) above, I must also file all of my economic claims with the prothonotary in writing and serve them on the other party.  If I fail to do so before the date set forth on the Notice of Intention to Request Divorce Decree, the divorce decree may be entered without further notice to me, and I shall be unable thereafter to file any economic claims.]**

**I UNDERSTAND THAT IN ADDITION TO CHECKING (b) ABOVE, I MUST ALSO FILE ALL OF MY ECONOMIC CLAIMS WITH THE PROTHONOTARY IN WRITING AND SERVE THEM ON THE OTHER PARTY.  IF I FAIL TO DO SO BEFORE THE DATE SET FORTH ON THE NOTICE OF INTENTION TO REQUEST DIVORCE DECREE, THE DIVORCE DECREE MAY BE ENTERED WITHOUT FURTHER NOTICE TO ME, AND I SHALL BE UNABLE THEREAFTER TO FILE ANY ECONOMIC CLAIMS.**

**□(c)    Economic claims have been raised and are not resolved.**

9

I verify that the statements made in this counter-affidavit are true and correct.  I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.


Date: _____    _____

(PLAINTIFF/DEFENDANT)

NOTICE: IF YOU DO NOT WISH TO OPPOSE THE ENTRY OF A DIVORCE DECREE AND YOU DO NOT WISH TO MAKE ANY CLAIM FOR ECONOMIC RELIEF, YOU SHOULD NOT FILE THIS COUNTER-AFFIDAVIT.



* * *


**Rule 1920.75.  Form of Inventory.**

The inventory required by Rule 1920.33(a) shall be substantially in the following form:

(Caption)<br>INVENTORY<br>OF

_____


(Plaintiff) (Defendant) files the following inventory of all property owned or possessed by either party at the **[time this action was commenced]**  <u>**date of separation**</u> and all property transferred within the preceding three years.

(Plaintiff) (Defendant) verifies that the statements made in this inventory are true and correct.  (Plaintiff) (Defendant) understands that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
(Plaintiff) (Defendant)

ASSETS OF THE PARTIES

(Plaintiff) (Defendant) marks on the list below those items applicable to the case at bar and itemizes the assets on the following pages.

( ) 1.  Real Property

( ) 2.  Motor vehicles

( ) 3.  Stocks, bonds, securities and options

( ) 4.  Certificates of deposit

( ) 5.  Checking accounts, cash

( ) 6.  Savings accounts, money market and savings certificates

( ) 7.  Contents of safe deposit boxes

( ) 8.  Trusts

( ) 9.  Life insurance policies (indicate face value, cash surrender value and current beneficiaries)

( ) 10.  Annuities

( ) 11.  Gifts

( ) 12.  Inheritances

( ) 13.  Patents, copyrights, inventions, royalties

( ) 14.  Personal property outside the home

( ) 15.  Business (list all owners, including percentage of ownership, and officer/director positions held by a party with company)

( ) 16.  Employment termination benefits—severance pay, worker's compensation claim/award

( ) 17.  Profit sharing plans

( ) 18.  Pension plans (indicate employee contribution and date plan vests)

( ) 19.  Retirement plans, Individual Retirement Accounts

( ) 20.  Disability payments

( ) 21.  Litigation claims (matured and unmatured)

( ) 22.  Military/V. A. benefits

( ) 23.  Education benefits

( ) 24.  [**Debts due, including loans, mortgages held**] <u>Accounts receivable, including loans and mortgages payable to a party</u>

( ) 25.  Household furnishings and personalty (include as a total category and attach itemized list if distribution of such assets is in dispute)

( ) 26.  Other

## MARITAL PROPERTY

(Plaintiff) (Defendant) lists all marital property in which either or both spouses have a legal or equitable interest individually or with any other person as of the date **[this action was commenced]** <u>of separation</u>:

| Item Number | Description of Property | Names of all Owners | **Estimated Value at Date of Separation** |
|---|---|---|---|

## NON-MARITAL PROPERTY

(Plaintiff) (Defendant) lists all property in which a spouse has a legal or equitable interest which is claimed to be excluded from marital property:

| Item Number | Description of Property | Reason for Exclusion | **Estimated Value at Date of Marriage** | **Estimated Value at Date of Separation** |
|---|---|---|---|---|

## PROPERTY TRANSFERRED

| Item Number | Description of Property | Date of Transfer | Consideration | Person to Whom Transferred | **Estimated Value at Date of Separation** |
|---|---|---|---|---|---|

## LIABILITIES

| Item Number | Description of Property | Names of all Creditors | Names of all Debtors | **Estimated Amount at Date of Separation** |
|---|---|---|---|---|

\* \* \*

12