J-S68044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JENNIFER LOCK HOREV | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| K-MART #7293: SEARS BRANDS, LLC, SEARS HOLDING CORPORATION: KMART HOLDING CORPORATION AND KMART CORPORATION | |
| Appellants | No. 259 EDA 2015 |

Appeal from the Order December 19, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 0389 December Term 2013

BEFORE: BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.: **FILED NOVEMBER 23, 2015**

Appellants, K-Mart #7293, Sears Brands, LLC, Sears Holding Corporation: Kmart Holding Corporation, and Kmart Corporation (collectively K-Mart), appeal from the December 19, 2014 order denying their petition to strike a discontinuance filed by Appellee, Jennifer Lock Horev. After careful review, we affirm.

We summarize the procedural history of this case as follows. On December 3, 2013, Horev began this action by filing a complaint in the trial court, seeking damages as a result of injuries she sustained when she slipped and fell at a K-Mart store in Clifton Heights, Pennsylvania. On January 2, 2014, K-Mart removed the action to the United States District

Court for the Eastern District of Pennsylvania. ***See generally*** 28 U.S.C. § 1446(a). After removal, the parties entered into a stipulation, approved by the District Court, that the amount in controversy in the case was less than $75,000.00. ***See generally id.*** § 1332(a). As a result, the District Court remanded the case back to state court. Once the record was returned, Horev underwent additional surgeries stemming from her alleged injuries sustained from her slip-and-fall. On November 5, 2014, Horev filed a praecipe to discontinue her case without prejudice pursuant to Pennsylvania Rule of Civil Procedure 229.[1] On November 12, 2014, K-Mart filed a petition to strike the discontinuance, which the trial court denied on December 19, 2014. On January 9, 2015, K-Mart filed a timely notice of appeal.[2]

On appeal, K-Mart raises the following two issues for our review.

> A. Did the [t]rial [c]ourt abuse it's [sic] discretion in denying [K-Mart]'s [p]etition to [s]trike [o]ff the [d]iscontinuance pursuant to Pa.R.C.P.

---

[1] On November 17, 2014, Horev filed a new complaint in the Eastern District. K-Mart filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for want of subject matter jurisdiction, based on the prior stipulation. The District Court granted K-Mart's motion to dismiss on August 17, 2015. ***Horev v. K-Mart #7293***, --- F. Supp. 2d ---, 2015 WL 4886429 (E.D. Pa. 2015). Horev has an appeal pending in the Court of Appeals.

[2] The trial court did not order K-Mart to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The trial court filed its Rule 1925(a) opinion on June 11, 2015.

- 2 -

229(c) on the basis that [K-Mart] failed to show that they were unduly prejudiced where the [t]rial [c]ourt determined that [Horev]'s damages may now be in excess of [$75,000.00], and where there exists a binding stipulation between the parties and an [o]rder of the [District Court] that damages do not exceed [$75,000.00]?

B.   Did the [t]rial [c]ourt abuse it's [sic] discretion in denying [K-Mart]'s [p]etition to [s]trike [o]ff the [d]iscontinuance pursuant to Pa.R.C.P. 229(c) on the basis that [K-Mart] failed to show that they were unduly prejudiced pursuant to the [sic] Pa.R.C.P. 229(c) which permits a court to strike off a discontinuance in order to protect the rights of a party from unreasonable inconvenience, vexation, harassment, expense, or prejudice?

K-Mart's Brief at 4.

We begin by noting our standard of review.

The decision to strike a praecipe to discontinue is within the sound discretion of the trial court and we will not reverse in the absence of an abuse of that discretion. When the trial court reaches a conclusion calling for the exercise of its discretion, the party complaining on appeal has a heavy burden. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Tosi v. Kizis*, 85 A.3d 585, 588 (Pa. Super 2014) (internal quotation marks and citations omitted), *appeal denied*, 97 A.3d 745 (Pa. 2014).

A discontinuance in strict law must be by leave of court, but it is the universal practice in Pennsylvania to assume such leave in the first instance. The

- 3 -

causes which will move the court to withdraw its assumed leave and set aside the discontinuance are addressed to its discretion, and usually involve some unjust disadvantage to the defendant or some other interested party. In determining whether to strike a discontinuance, the trial court must consider all facts and weigh equities. Further, the trial court must consider the benefits or injuries which may result to the respective sides if a discontinuance is granted.

*Becker v. M.S. Reilly, Inc.*, --- A.3d ---, 2015 WL 4760627, at *2 (Pa. Super. 2015).

Discontinuances are governed by Rule 229, which provides in relevant part, as follows.

**Rule 229. Discontinuance**

(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

…

(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.

Pa.R.C.P. 229.

Although K-Mart presents two questions in its brief, we elect to address them concomitantly. K-Mart argues that it was prejudiced by Horev's discontinuance on two grounds. First, K-Mart avers that the trial court erred in denying its petition to strike because in its view Horev "is estopped from voiding the stipulation entered by the parties and made an

order of [the Eastern District]." K-Mart's Brief at 14. K-Mart proceeds to argue in its brief that Horev should not be permitted to void the stipulation she agreed to, discussing the federal law standards for stipulations. K-Mart's Brief 14-23. K-Mart further argues that "[Horev]'s stated purpose in seeking the discontinuance is to avoid the binding implications of the stipulation and [o]rder of the federal court." *Id.* at 13. K-Mart argues that Horev should not be permitted to "forum shop." *Id.* at 12. Second, K-Mart avers that it has suffered prejudice as a result of the discontinuance because it "has been inconvenienced and has incurred significant expense defending the civil action." *Id.* at 24.

At the outset, we note that the propriety of the stipulation and its admissibility are not before this Court at this juncture. The discontinuance by Horev of her case does not affect the validity or legal effect of the stipulation, and K-Mart has cited no legal authority for this proposition. Therefore, we find that K-Mart's argument that it was unduly prejudiced in this regard is meritless.

We now turn to K-Mart's prejudice argument regarding the expense it has incurred. As noted above, K-Mart avers that it was prejudiced by the discontinuance because it is now inconvenienced and "has incurred significant expense defending the civil action." K-Mart's Brief at 24. However, as the trial court pointed out, should the Court of Appeals permit Horev's case to proceed in federal court, it will be based on the same issues,

and any discovery that has been used in state court proceedings can be utilized in the Eastern District.

> Here, [K-Mart has] not shown any reason for the [trial c]ourt to strike off the discontinuance. Time, money, and resources spent on the discovery process in this case may be used in the subsequent action. The new action initiated by [Horev] in [f]ederal [c]ourt will involve the same issues as the present case, and no discovery needs to be duplicated.

Trial Court Opinion, 6/11/15, at 3.

Furthermore, K-Mart's reliance on **Truesdale v. Albert Einstein Med. Ctr.**, 767 A.2d 1060 (Pa. Super. 2001) is misplaced. In **Truesdale**, the plaintiff's discontinuance was one that suspended the statute of limitations and was "without prejudice to be re-opened if [the ward was] ever declared mentally competent." **Id.** at 1062. Here, the discontinuance is without prejudice, but does not toll the statute of limitations. We therefore conclude, for all of the aforementioned reasons, that K-Mart has not suffered any prejudice as a result of Horev marking her case discontinued in the trial court.

Based on the foregoing, we conclude the trial court did not abuse its discretion when it denied K-Mart's Rule 229(c) petition to strike. **See Becker**, **supra**; **Tosi**, **supra**. Accordingly, the trial court's December 19, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2015