J-A25020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRIAN E. REIFSNYDER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MONICAL R.D. REIFSNYDER, N/K/A | : | No. 563 MDA 2020 |
| MONICA R. DUNLAP | : | |

Appeal from the Order Entered March 25, 2020
In the Court of Common Pleas of Perry County Civil Division at No(s):
FC-2016-146

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 09, 2020**

Appellant, Brian E. Reifsnyder ("Husband"), appeals from the decree entered March 25, 2020 that dissolved the matrimonial bond between Husband and Monica R.D. Reifsnyder, n/k/a Monica R. Dunlap ("Wife").  On appeal, Husband challenges various features of the equitable distribution award issued by the trial court, including the trial court's consideration of the tax consequences of its alimony award, the allocation scheme for the marital estate, and the allocation of payment responsibility for counsel fees and expenditures relating to the special hearing master ("master").  We vacate the court's decree and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. Husband and Wife married on June 27, 1998.  Their first child, A.R., was born in May 2005, and their second child, E.R., was born in October 2010.  On June

28, 2016, Husband filed a complaint in divorce.  Wife filed an answer on July 22, 2016, and a counterclaim for equitable distribution, alimony, alimony *pendente lite* ("APL") and spousal support.

On July 19, 2017, the parties participated in a *de novo* support hearing. On November 30, 2017, the trial court entered an order directing Husband to pay Wife $928.24 per month in spousal support.[1]  Trial Court Order, 11/30/17, at 1.  In this same order, the trial court delineated its findings regarding the parties' respective earning capacities.  The trial court concluded that Wife's "earning capacity shall be based upon earning $12.75 per hour for a 27 [and one-half] hour work week," *i.e.*, $18,232.50 gross annually.  *Id*.  The trial court then concluded that Husband's "earning capacity shall be based upon the median adjusted gross income for years 2015 and 2016, with said median income being $58,431.50." *Id.*

The case was then referred to a master who held a hearing on March 28, 2018.  During the hearing, the master indicated that she would give "great deference" to the trial court's November 30, 2017 ruling regarding the parties' earning capacities.  N.T. Hearing, 3/28/18, at 142.  The master, however, permitted both parties to present testimony about their respective incomes for the year 2017.  *Id.*  On October 5, 2018, the master issued her report and

_____

[1] Husband's obligation to pay $928.24 per month to Wife in spousal support was offset by Wife's obligation to pay Husband $707.60 per month in child support.  The trial court's November 30, 2017 order, therefore, directed Husband to pay $220.64 per month for spousal support, with an additional $50.00 per month toward arrears.  Trial Court Order, 11/30/17, at 1-2.

recommended that the trial court award Wife 55% of the marital estate and Husband 45% of the marital estate. In addition, the master recommended that Husband pay Wife $928.24 per month in alimony for a period of ten years. Lastly, the master concluded that neither party was entitled to attorney's fees but that Husband, as the party in a better financial position, should pay the remainder of the master's fees and costs.

Both parties filed exceptions with the trial court. Thereafter, on May 29, 2019, the trial court entered an order disposing of both parties' exceptions. In its order, the trial court agreed "with the findings in the [m]aster's [r]eport, other than that [of] division." Trial Court Order, 5/29/19, at 1. On July 3, 2019, the trial court entered an equitable distribution order which stated, in relevant part, as follows:

> [The order] awarded [Husband 40%] of the martial property and [Wife 60%] of the value of the martial property. The [c]ourt further ordered that each party would be responsible for their individual counsel fees and costs. With respect to the [m]aster's fees and costs, [Husband] paid the initial $750[.00] and the additional fees of $200[.00] were ordered to be paid equally by both parties within [30] days. [Lastly, the trial court awarded a]limony . . . to [Wife] in the amount of $928.24 per month for a period of ten [] years.

Trial Court Opinion, 4/29/20, at *1 (un-paginated). Husband then appealed the trial court's July 3, 2019 order but, because Husband filed his appeal prior to entry of the divorce decree, this Court quashed his appeal on February 24, 2020. *Reifsnyder v. Reifsnyder*, 2020 WL 883515, *1 (Pa. Super. Feb. 24,

2020). The divorce decree was subsequently entered on March 24, 2020.

This timely appeal followed.[2]

Husband raises the following issues on appeal:[3]

    I.    [Did the trial court abuse its discretion when it ordered Husband to pay Wife $928.24 per month in alimony for a period of ten years without considering all of the relevant factors, including the Tax Cuts and Jobs Act ("TCJA") of 2017?]

    II.    [Did the trial court err in entering an equitable distribution award of 60/40% in favor of Wife, without explanation, and when both Husband and Wife are in comparable economic and financial straits?]

    III.    [Did the trial court err in failing to award Husband attorney's fees?]

    IV.    [Did the trial court err in ordering Husband to pay the majority of the master's fees and costs?]

**_See generally_** Husband's Brief at 6-8.

In his first issue, Husband challenges the trial court's alimony award to Wife. We conduct our review of this issue according to the following standard:

> The role of an appellate court in reviewing alimony orders is limited; we review only to determine whether there has been an error of law or abuse of discretion by the trial court. Absent an abuse of discretion or insufficient evidence to sustain the support

---

[2] Husband filed his notice of appeal on April 1, 2020. On April 7, 2020, the trial court entered an order directing Husband to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Husband timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 29, 2020.

[3] We have consolidated and reordered Husband's issues on appeal for clarity and ease of discussion. **_See_** Husband's Brief at 6-8.

order, this Court will not interfere with the broad discretion afforded the trial court.

The purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met. In determining the nature, amount, duration and manner of payment of alimony, the court must consider all relevant factors, including those statutorily prescribed for at 23 Pa.C.S.A. § 3701.[4] Alimony is based upon

---

[4] Section 3701(b)(1)-(17) of the Divorce Code lists the relevant factors a court must consider in determining "whether alimony is necessary and in determining the nature, amount, duration and manner of payment of alimony." 23 Pa.C.S.A. § 3701(a). Section 3701(b)'s factors are as follows:

(1) The relative earnings and earning capacities of the parties.

(2) The ages and the physical, mental and emotional conditions of the parties.

(3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay.

***Dalrymple v. Kilishek***, 920 A.2d 1275, 1278–1279 (Pa. Super. 2007) (citations omitted) (footnote added). However, "the factors in Section 3701(b) do not create an exhaustive list." ***Schultz v. Schultz***, 2018 WL 1724877, at *9 (Pa. Super. 2018) (citation omitted). "In fact, the trial court should also consider the assets the petitioning spouse received in equitable distribution." ***Id.*** (citation omitted).

_____

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S.A § 3701(b)(1)-(17).

Husband raises various challenges to the trial court's decision to award alimony to Wife. Although many of his contentions are generalized and undeveloped, Husband argues, among other things, that the trial court abused its discretion in failing to consider the tax ramifications of the TCJA in fixing the amount of alimony to be paid to Wife. Husband's Brief at 42-45. We are constrained to agree.[5]

Section 3701 mandates that a court must consider the "Federal, State and local tax ramifications of the alimony award" when determining "the nature, amount, duration and manner of payment of alimony." 23 Pa.C.S.A § 3701(a) and (b)(15). The TCJA became effective January 1, 2019. The act, *inter alia*, "eliminate[d] tax deductions for alimony payments for divorce decrees executed after December 31, 2018 or 'executed on or before such date and modified after such date if the modification expressly provides that the amendments made by this section apply to such modification.'" ***Maloney v. Maloney***, 2019 WL 5491354, at *6 (Pa. Super. Oct. 25, 2019) (unpublished memorandum) (citation omitted).

In this case, the master issued her report and recommendation on October 5, 2018, prior to the TCJA's effective date. In her report, with regard to Section 3701(b)(15) and the tax ramifications of the alimony award, the master simply stated that she "did not find this factor to be applicable."

---

[5] Because we agree that the trial court abused its discretion in failing to consider the ramifications of the TCJA, we need not address Husband's remaining challenges to the trial court's alimony award.

Master's Report, 10/5/18, at 18. Thereafter, the trial court adopted the master's report and, as such, the master's determination that Section 3701(b)(15) did not apply for purposes of considering the tax ramifications of the alimony award. Indeed, the trial court, on May 29, 2019, issued an order indicating that it reviewed the "[e]xhibits, and [a]rgument on [] Wife's [e]xeptions and [c]ross[-e]xceptions filed by [] Husband"[6] and did "not disagree with the findings in the [m]aster's [r]eport, other than that [of] division." Trial Court Order, 5/29/19, at 1. In addition, in its Rule 1925(a) opinion, the trial court stated that "[a]ll decisions made by the [master] and [c]ourt have been justified by the [master's] report." Trial Court Opinion, 4/29/20, at 7.

The trial court, however, did not issue its order regarding equitable distribution until July 3, 2019 and the divorce decree was not entered until March 24, 2020. As such, the order determining alimony was executed **after** the TCJA became effective. Notably, the trial court, in its 1925(a) opinion, acknowledged this fact. It stated:

---

[6] In his cross-exceptions filed November 8, 2018, Husband stated:

No consideration was given to the fact that if the divorce is not finalized by the end of the year, [Husband] will not be able to deduct the alimony payments from his income, thereby creating an additional tax burden for him.

Husband's Cross-Exceptions, 11/8/18, at *1 (un-paginated).

- 8 -

> The [o]rder determining [a]limony was entered to the record on July 3, 2019. Because the [o]rder was executed or modified after December 31, 2018, the [TCJA] applies, making the alimony payments not deductible when [Husband] files his taxes.

Trial Court Opinion, 4/29/20, at *7 (un-paginated). Thus, the trial court, in its 1925(a) opinion, recognized that the TCJA impacted the tax consequences of Husband's alimony obligations but adopted the master's report, which revealed that the master did not consider the tax ramifications of the alimony award because the TCJA was not applicable. *See* Master's Report, 10/5/18, at 18. We conclude that the failure to expressly consider Section 3701(b)(15) and the tax ramifications of the TCJA constitutes legal error. Accordingly, we are constrained to conclude that the trial court abused its discretion.[7]

In his second issue, Husband challenges the percentage allocation of the marital estate awarded by the trial court on July 3, 2019. Our review of such claims is guided by the following well-established principles.

> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless the law has been

_____

[7] We do not conclude that the trial court erred in awarding Wife alimony, in determining the amount of alimony, or its duration. We simply conclude that the trial court abused its discretion by adopting the master's report which said that Section 3701(b)(15) was inapplicable, only to later recognize that the TCJA applied to the alimony award entered in the present case. Under these circumstances, we can only conclude that the trial court failed to expressly consider the ramifications of Section 3701(b)(15) in its alimony award.

overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence. We are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties.

*Childress v. Bogosian*, 12 A.3d 448, 455–456 (Pa. Super. 2011) (internal citations and quotations omitted).

Husband first argues that the trial court abused its discretion because it deviated from the master's recommended distribution scheme "without explanation as required by 23 Pa.C.S.[A.] § 3506." Husband's Brief at 19. Specifically, Husband claims that the trial court erred in changing the "equitable distribution scheme [from 55/45% to 60/40%]" without providing an adequate "reason for [the] chang[e]." *Id.* at 21. We disagree.

Section 3506 of the Divorce Code mandates that the trial court provide a statement of reasons for its distribution of marital property. It states:

In an order made under this chapter for the distribution of property, the court shall set forth the percentage of distribution for each marital asset or group of assets and the reasons for the distribution ordered.

23 Pa.C.S.A. § 3506.

- 10 -

Herein, the master, in her October 5, 2018 report, discussed each of the 11 factors listed in 23 Pa.C.S.A. § 3502. **See** Master's Report, 10/5/18, at 11-14; **see also** 23 Pa.C.S.A. § 3502(a)(1)-(11). In its 1925(a) opinion, the trial court expressly stated that the "[m]aster and the [c]ourt both utilized all of the factors when determining the amount for [e]quitable [d]istribution." Trial Court Opinion, 4/29/20, at *7 (un-paginated). Accordingly, we conclude that the trial court satisfied the requirements of Section 3506.

Next, Husband challenges the trial court's equitable distribution order. He first argues that the trial court erred in determining the distribution scheme of the marital estate. Husband, however, does not propose an alternative distribution, and instead, simply argues that the trial court abused its discretion in awarding Wife 60% of the marital estate. Husband's Brief at 22-35. In addition, Husband argues that the trial court abused its discretion in directing him to either sell the marital residence or, if Husband chose not to sell the martial residence, directing him to pay Wife $79,098.00. **Id.** at 72-76.

This Court has previously explained that Pa.R.A.P. 2119 compels a finding of waiver "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review[.]" **Tosi v. Kizis**, 85 A.3d 585, 589 n.6 (Pa. Super. 2014) (citation omitted). In the argument section of his brief devoted to this issue, Husband, aside from one citation to case law, fails to support his claims with pertinent precedent or explain whether or how the

trial court's decision violated controlling authority.  Instead, Husband engages in a rambling argument in which he essentially claims that the trial court's decision was not favorable to him.  *See* Husband's Brief at 22-35 and 72-76.  "[W]e decline to become the appellant's counsel.  When . . .  briefs are wholly inadequate to present specific issues for review, [this] Court will not consider the merits thereof."  ***Branch Banking & Trust v. Gesiorski***, 904 A.2d 939, 942–943 (Pa. Super. 2006) (internal alteration and citation omitted).  Accordingly, we conclude that Husband's contention that the trial court abused its discretion in its equitable distribution order fails.[8]

In his third issue, Husband claims that the trial court erred in failing to award him attorney's fees.  Husband, however, failed to present any testimony or evidence regarding attorney's fees during the hearing before the master on March 28, 2018.[9]  Notably, Husband acknowledges this failure on appeal.  *See* Husband's Brief at 71.  Thus, we conclude that Husband's claim

---

[8] Even if we considered the merits of Husband's claims, we would conclude that he is not entitled to relief.  A review of the master's October 5, 2018 report and recommendation demonstrates that she considered all of the factors listed in 23 Pa.C.S.A. § 3502(a)(1)-(11).  *See* Master's Report, 8/5/18, at 11-14.  As the trial court adopted the master's report and recommendation, except for the part relating to the distribution scheme of the martial estate, we discern no abuse of discretion.

[9] During the March 28, 2018 hearing, Husband's counsel attempted to introduce into evidence an exhibit regarding attorney's fees.  Wife's counsel objected and stated that "there was no testimony" about the document and, as such, it was inadmissible.  N.T. Hearing, 3/28/18, at 306.  Husband's counsel replied: "You [are] right, there [was] no testimony about it."  ***Id.*** at 307.  Thus, Husband failed to provide any testimony or evidence regarding attorney's fees during the hearing before the master.

- 12 -

is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.")

Lastly, Husband argues that the trial court erred in directing him to pay the majority of the master's fees and costs. Again, however, Husband engages in a rambling argument and fails to "provide any discussion of [his] claim with citation to relevant authority" or "develop the issue in any other meaningful fashion capable of review." **Tosi**, 85 A.3d at 589 n.6. Accordingly, this issue is also waived.

For the reasons set forth above, we conclude that Husband's issues regarding the distribution scheme of the marital estate, attorney's fees, and the master's fees and costs are waived on appeal and, otherwise, meritless. But, because the trial court committed legal error in not considering the tax consequences of the TCJA when it awarded alimony to Wife, we vacate the equitable distribution order dated July 3, 2019. We remand for further proceedings in accordance with this decision.

Order vacated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/09/2020

- 13 -